NO. 07-04-0309-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 10, 2005

_____

ROBERT PICKENS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-404,445; HON. JIM BOB DARNELL, PRESIDING

_____

Before QUINN, REAVIS, and CAMPBELL, JJ.

Robert Pickens (appellant) appeals his conviction for evading detention through four issues. The first two concern whether the trial court erred in denying his motion to suppress evidence while the last two involve the legal and factual sufficiency of the evidence underlying the jury's verdict. We affirm the judgment.

### *Background*

While returning from a call and at around 9:00 a.m., Officer Calvillo observed a pickup truck parked in an alley behind a house. It was raining, misty, and cloudy at the time, and no one was seen around the vehicle. The officer nonetheless continued on.

However, as he did, he noticed that the house behind which the truck was parked appeared vacant and had a "for sale" sign in front of it. So too did he notice movement in the vehicle after he turned down an intersecting street to gain a different vantage point. It appeared to the officer that someone was bent over inside the cab as if to retrieve something.

Recalling that several burglaries had recently occurred in the area, that it was a "common occurrence" for vacant homes to be burglarized, and that appliances and air conditioning units were often the objects taken, Calvillo decided to enter the alley behind the truck. As the officer approached, the truck's "brake lights come [sic] on" as did its "turn lights," and the driver began to pull away. When the vehicle and its occupant (who was later identified as appellant) came to the end of the alley and turned on to the adjoining street, Calvillo engaged his emergency lights. Appellant looked back at Calvillo and pointed in the direction of another street, but he did not stop. Instead, appellant sped up. The officer then turned on his sirens. Appellant continued on and began to turn down streets in the residential area. So too did he run a stop sign and drive down a turning lane, both of which were traffic violations according to the officer. The group eventually stopped after appellant turned onto a dead-end street. At that point, appellant was arrested.

A search of the vehicle revealed a syringe cap inside the truck. Furthermore, appellant had thrown a plastic baggy from the truck after encountering Calvillo and as the pair drove through the area. When the baggy was retrieved, it was discovered to contain syringes and a burned cotton swab. Appellant also had a fresh needle mark on his arm.

2

### Issues 1 and 2 - Motion to Suppress

In his first two issues, appellant contends that the trial court erred in failing to grant his motion to suppress. Suppression was required because the officer had no basis upon which to initially detain appellant as he drove from the alley, so appellant argues. We overrule the point.

The Court of Criminal Appeals recently held that, in a case wherein the accused is charged with evading arrest or detention, it is improper to request the trial court to rule upon a pretrial motion to suppress evidence when the movant questions the validity of the detention. *Woods v. State,* 153 S.W.3d 413, 415-16 (Tex. Crim. App. 2005). This is so because, under that circumstance, the trial court is being asked to determine whether there is proof of an element of the offense, and that is not the purpose of a pretrial hearing. *Id.* Given that the trial court was prohibited from acting upon appellant's pretrial motion to suppress, we cannot say that it erred in refusing to grant the motion.

### Issues 3 and 4 - Sufficiency of the Evidence

In his third and fourth issues, appellant questions the legal and factual sufficiency of the evidence to sustain his conviction. Purportedly, the evidence was insufficient because Calvillo lacked reasonable suspicion to try and stop appellant as the latter left the alley. We overrule the points.

The standards by which we review legal and factual sufficiency challenges are well established. We refer the parties to *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), *Sims v. State,* 99 S.W.3d 600 (Tex. Crim. App. 2003), *Zuliani v. State,*

3

97 S.W.3d 589 (Tex. Crim. App. 2003), and *King v. State,* 29 S.W.3d 556 (Tex. Crim. App. 2000) for their explanation.

No one disputes that the attempt at detention must be lawful before one can be convicted of evading detention. Moreover, authority holds that even if the initial attempt at detention is unlawful, the suspect may be stopped or arrested for criminal acts which he commits while attempting to avoid the officer. *Blount v. State*, 965 S.W.2d 53, 54-55 (Tex. App.–Houston [1st Dist.] 1998, pet. ref'd). In other words, the fact that an officer may not have basis to stop a suspect does not insulate the suspect from arrest for other crimes committed while attempting to avoid the initial detention. So, assuming *arguendo* that Officer Calvillo lacked both reasonable suspicion and probable cause to detain appellant in the alley, such arose once appellant violated the traffic laws while attempting to evade Calvillo. And, since evidence appears of record indicating that appellant continued in his effort to evade the officer after violating those laws, the jury had before it sufficient evidence to rationally conclude, beyond reasonable doubt, that the eventual stop was indeed lawful. *See id.* at 55 (holding that a suspect is not seized until the stop is effectuated). Furthermore, the evidence was neither weak nor overwhelmed by any contradictory evidence. Consequently, the verdict enjoyed the support of both legally and factually sufficient evidentiary support.

The judgment of the trial court is affirmed.


Brian Quinn
Justice

Publish.


4