Brady C. Dillard v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-435-CR

BRADY C. DILLARD APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 5 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Brady C. Dillard appeals his conviction for two counts of evading arrest.  The trial court found him guilty and sentenced him to 120 days’ confinement in accordance with a plea bargain offer.  In two issues, Dillard contends that the evidence is legally and factually insufficient to support his conviction and that his trial counsel provided ineffective assistance by failing to call him to testify.  We will affirm.

II.  Factual and Procedural Background

Officers with the Dallas Police Department responded on July 7, 2004 to a report of a burglary at an apartment and discovered marijuana growing in the apartment.  Six to eight officers were present at the scene; marked squad cars were parked in the apartment complex’s parking lot.  At approximately 2:45 a.m. on July 8, 2004, one of the investigating officers in the apartment, Officer Matthew Meltabarger, heard a knock at the apartment’s front door.  Officer Meltabarger opened the door and saw Dillard and another man, Shawn Slover. Officer Meltabarger testified that he was surprised anyone would approach the apartment because of the police presence in the apartment and in the parking lot.  Officer Meltabarger said, “You guys really want to be here?” but then told the men to stop.  Slover stopped, but Dillard ran.  Officer Meltabarger testified that he yelled, “Stop, police,” and gave chase.  Sergeant Doug Chaney joined the pursuit.  As he ran after Dillard, Officer Meltabarger said he yelled, “Stop, police,” several more times.  Eventually Dillard was apprehended.  

The trial court found Dillard guilty of two counts of evading arrest and sentenced Dillard to 120 days in jail.  This appeal followed.

III.  Sufficiency of the Evidence

In his second issue, Dillard contends that the evidence is legally and factually insufficient to support his conviction for evading arrest. 
 The legal and factual sufficiency standards of review are well settled;
(footnote: 2) Dillard and the State agree on the standards we are to apply.  We therefore do not repeat those standards here.
  A person commits the offense of evading arrest if he intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him.  
Tex. Penal Code Ann.
 § 38.04(a) (Vernon 2003).  Intent may be inferred from any facts which tend to prove its existence, including the acts, words, and conduct of the accused.  
Manrique v. State
, 994 S.W.2d 640, 649 (Tex. Crim. App. 1999).

Dillard first challenges the sufficiency of the evidence to establish that he knew that the men pursuing him were in fact police officers.  The testimony on this issue was disputed.  Officer Meltabarger and Sergeant Chaney both testified that they were wearing jackets with the word “police” printed in big letters on the back of their jacket and that they both yelled, “Stop, police,” as Dillard ran.  Additionally, Officer Meltabarger testified that half of the other six or eight officers at the scene were in full uniform and that there were marked squad cars in the apartment complex’s parking lot.  
Slover testified, however, that as he and Dillard approached the apartment’s front door someone peered out and said, “Go, go on; get out of here.”  
Slover testified that he did not hear anyone yell “police.”  He said that Officer Meltabarger was wearing a “vest” that had the word “police” written on it, that he “saw that tiny, little patch on his vest,” and that it was “hard to miss” the word “police” on his “vest.”
(footnote: 3) Slover admitted that he saw two officers in the apartment wearing wind breakers emblazoned in yellow with the word “police,” but he indicated that Dillard was not as close as he was to the apartment’s front door, implying that Dillard did not see the police officers’ jackets.  
But the trial court, as the trier of fact, was free to resolve these conflicts in the evidence in favor of the officers’ testimony.  
See Zuniga
, 144 S.W.3d at 481 (the trier of fact is free to weigh the contradictory evidence and resolve all conflicts by believing all, some, or none of a witness’s testimony
).

Dillard next challenges the sufficiency of the evidence to show that Officer Meltabarger was attempting to “lawfully detain” him.  Dillard contends that because Officer Meltabarger conceded on cross-examination that his question to Dillard and Slover—“Do you guys really want to be here?”—could be construed as an invitation to leave, the evidence is insufficient to show an attempt to lawfully detain him. 

Consistent with the Fourth Amendment, a police officer may briefly stop a suspicious individual in order to determine his identity or to maintain the status quo momentarily while obtaining more information.  
Hoag v. State
, 728 S.W.2d 375, 380 (Tex. Crim. App. 1987).  Reasonable suspicion exists when, based on the totality of the circumstances, the officer has specific articulable facts that lead him to conclude that the person is, has been, or soon will be engaged in criminal activity.  
Woods v. State
, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997).

Here, during a burglary investigation at an apartment, officers discovered numerous marijuana plants and hydroponic grow lights.  The officers had detained the apartment’s owner when, at approximately 2:45 a.m., Dillard and Slover approached the apartment’s front door.  Officer Meltabarger said that he wanted to determine why Dillard came to the apartment, but Dillard ran. Dillard’s arrival at the apartment at 2:45 a.m., the fact that marijuana was being grown in the apartment, and Dillard’s subsequent flight from the officer who met him at the door created a reasonable suspicion that Dillard might be coming to the apartment to purchase marijuana.  
See Salazar v. State
, 893 S.W.2d 138, 141 (Tex. App.—Houston [1st Dist.] 1995, pet. ref’d, untimely filed) (stating that flight from a show of authority may be a factor in support of a finding of reasonable suspicion).  Thus, Officer Meltabarger was authorized to conduct an investigative detention and was attempting to do so by telling the men to stop when Dillard continued to flee.

Viewing the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found 
that Dillard intentionally fled from a person he knew to be a peace officer who was attempting lawfully to detain him.  
See
 
Tex. Penal Code Ann.
 § 38.04(a); 
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789; 
Pickens v. State
, 159 S.W.3d 272, 274 (Tex. App.—Amarillo 2005, no pet.) (holding that jury had before it sufficient evidence to rationally conclude, beyond reasonable doubt, that the eventual stop was lawful; thus, supporting conviction for evading arrest).  Furthermore, viewing all the evidence in a neutral light, favoring neither party, we also conclude that the evidence supporting the verdict, taken alone, is not too weak to support the finding 
that Dillard intentionally fled from a person he knew to be a peace officer who was attempting lawfully to detain him.  
Dotson v. State
, 146 S.W.3d 285, 295 (Tex. App.—Fort Worth 2004, pet. ref’d);
 Pickens
, 159 S.W.3d at 274 (holding that evidence was neither weak nor overwhelmed by any contradictory evidence; thus, supporting conviction for evading arrest).  Accordingly, we hold that the evidence is both legally and factually sufficient to support Dillard’s convictions for evading arrest.  We overrule Dillard’s second issue.

IV.  Effective Assistance of Counsel

In his first issue, Dillard argues that his trial counsel rendered ineffective assistance of counsel because he failed to call Dillard to testify.  After the trial court found Dillard guilty of two counts of evading arrest,  Dillard stated that he wished he “could just tell [his] part of the story.”  The trial court explained that Dillard could have testified if he had chosen to do so, but stated that the trial court’s understanding was that Dillard had chosen not to testify. 

To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that his 
counsel’s representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel’s deficiency, the result of the trial would have been different.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Salinas v. State
, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); 
Mallett v. State
, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001); 
Thompson
 
v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  Review of counsel’s representation is highly deferential, and the reviewing court indulges a strong presumption that counsel’s conduct fell within a wide range of reasonable representation.  
Salinas
, 163 S.W.3d at 740; 
Mallett
, 65 S.W.3d at 63.  To overcome the presumption of reasonable professional assistance, “any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.”  
Salinas
, 163 S.W.3d at 740 (quoting 
Thompson
, 9 S.W.3d at 813).  The second prong of 
Strickland
 requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is reliable.  
Strickland, 
466 U.S. at 687, 104 S. Ct. at 2064.  In other words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  
Id.
 at 694, 104 S. Ct. at 2068.

Here, a post-trial hearing reflects the following exchange:

THE COURT: . . . Mr. Dillard, it appears that your attorney has filed a motion to withdraw and arrest of judgment.  Are you aware of that?

DEFENDANT: Yes, sir.

THE COURT: Do you want your attorney to withdraw?

DEFENDANT: Yes, sir.

THE COURT: Why?

DEFENDANT: Because of not–

[DEFENSE COUNSEL:] You can say it.  You’re not going to hurt anybody’s feelings.  You need to protect yourself at this point.

DEFENDANT: I guess, negligence.

THE COURT: You say Ms. McCary was negligent?

DEFENDANT: Yes, because I didn’t get to go up and testify on my part.

THE COURT: Well, did you discuss that with her before the trial was over with?

DEFENDANT: Yes.  And she said she was pretty confident about the trial.

REPORTER: She was what?

DEFENDANT: Confident.

THE COURT: Is that what you said, Ms. McCary?

[DEFENSE COUNSEL:] At the time that he had requested to testify, it was the State’s closing argument, so I think case law dictates that after both sides rest and close, that I could not present him at that time.  But we had both made the joint decision to testify or not testify prior to that.  We had discussed it in our office meetings and during trial. 

Thereafter, the trial court appointed new counsel for Dillard. 

Thus, the record before us does not affirmatively demonstrate any ineffectiveness by Dillard’s trial counsel.  Instead, 
the record reflects that prior to trial and during trial, Dillard’s trial counsel discussed Dillard’s right to testify with him and that Dillard chose not to testify.  Consequently, the record reflects Dillard’s counsel’s compliance with prevailing professional norms 
by explaining to Dillard his right to testify, discussing with him whether to exercise that right, and respecting his decision on the issue.  
See Johnson v. State
, 169 S.W.3d 223, 235 (Tex. Crim. App. 2005) (agreeing with majority of jurisdictions that defense counsel shoulders the primary responsibility to inform the defendant of his right to testify, including the fact that the ultimate decision belongs to defendant), 
cert. denied
, 126 S. Ct. 1355 (2006); 
Salinas
, 163 S.W.3d at 740.  
Dillard did not express on the record his purported desire to testify until after the trial court found him guilty; the record likewise does not link Dillard’s delay in expressing this wish to any fault of his counsel.
  Based on the record before us, Dillard has failed to meet the first prong of 
Strickland
.

And we agree with the State that, even assuming Dillard did meet 
Strickland
’s first prong, he clearly failed to meet the second prong because the record does not show what his testimony would have been or how it might have aided in his defense or produced a different outcome.  
See 
Johnson
, 169 S.W.3d at 239 
(holding 
Strickland
’s first prong was met when record showed trial counsel’s failure to inform appellant of his right to testify but 
Strickland
’s second prong was not met when appellant failed to show that there was a reasonable probability that the outcome would have been different had he testified).  Therefore, we hold that Dillard has failed to establish that his trial counsel provided ineffective assistance.  We overrule Dillard’s first issue.

V.  Conclusion

Having overruled both of Dillard’s issues, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: WALKER, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: May 11, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979) (setting forth legal sufficiency standard of review); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005) (same); 
see Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004) (setting forth factual sufficiency standard of review).

3:
Officer Meltabarger said he was not wearing a vest, he was wearing a black jacket with a white Dallas police badge on his left breast, the word “police” down both arms, and “Dallas Police” in bold white lettering on the back.