COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS





RICHARD RAYMOND ALMOND,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee. 

§


 


§


 


§


 


§


 


§



§

No. 08-05-00369-CR



Appeal from


 Criminal District Court No. 4


of Dallas County, Texas


(TC # F-0452846-TK)




O P I N I O N



 Richard Almond appeals his conviction of evading arrest or detention using a vehicle. The
trial court assessed punishment at two years' confinement in the State jail division of the Texas
Department of Criminal Justice and assessed a fine of $750. Appellant's sentence was probated for
two years.

FACTUAL SUMMARY


 During the early morning hours of June 11, 2004, Officers Maria Gutierrez and Scott
Shepherd were patrolling in northwest Dallas. They were stopped between two gas stations on
Emerald Street in an area frequented by drag racers. Officer Gutierrez heard a loud noise. She
noticed a motorcycle directly in front of them spinning its rear tire and creating a lot of smoke. As
the smoke cleared, the officers drove up to the motorcycle and activated the patrol car's lights and
sirens. They intended to stop the driver for an anti-noise violation and for burning the tires, but the
suspect looked directly at them and fled southbound. 

 The officers followed the motorcycle for approximately a mile and a half until it stopped at
a local business. They were driving 70 or 75 miles per hour in a commercial area with a posted
speed limit of 30 miles per hour. Officer Gutierrez estimated the suspect was driving 80 to 85 miles
per hour because they had a hard time catching up to him. During the chase, the suspect looked back
towards the police car two or three times. There were no other vehicles in front of the officers. They
lost sight of the motorcycle at one point, but a police helicopter flying overhead was able to direct
the officers to the exact location. 

 Officer Robert E. Bryan, Jr. assisted during the chase. He frequently piloted a police
helicopter in problem areas and would fly over and around the racers to disperse the crowds and keep
them from congregating. In the middle of Emerald Street, Officer Bryan saw a motorcycle with its
rear tire smoking. He heard a radio transmission from the squad car, saw the red lights illuminate,
and watched the motorcycle take off. 

 Officer Bryan followed the motorcycle with the helicopter lights and never lost sight of the
suspect. He estimated the squad car and the motorcycle were traveling about 70 to 80 miles per hour
in a commercial area. The motorcycle pulled into a parking lot. The suspect get off of the
motorcycle, took off his jacket, and walked over to two to three individuals standing nearby. Officer
Bryan directed the officers to the driver and Appellant was arrested.

 Appellant testified he was arrested in the parking lot at his father's motorcycle shop. He did
not smoke his tires, he did not see the helicopter spotlight above him or the squad car lights behind
him, and he never heard the police siren. Appellant knew that every Thursday night the police would
circle in and out of gas stations to break up the races. He had given his jacket to a friend while he
was at the races, but the officers and the helicopter made so much noise, he left. He then retrieved
his jacket and placed it on the gas tank, but he did not put it on. 

THE OFFENSE


 A person commits the offense of evading arrest or detention if he intentionally flees from a
person he knows is a peace officer attempting to lawfully to arrest or detain him. Tex.Penal Code
Ann. § 38.04 (a)(Vernon 2003). In two issues, Appellant challenges the legal and factual sufficiency
of the evidence to prove he committed the offense. He contends that the State did not prove the
attempted arrest was lawful or that he was the driver of the motorcycle. 

STANDARDS OF REVIEW


 In reviewing the legal sufficiency of the evidence, we must consider all of the evidence in
the light most favorable to the verdict and determine whether a reasonable juror could have found
the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Hooper v. State, 214 S.W.3d 9, 13 (Tex.Crim.App.
2007). We must give deference to "the responsibility of the trier of fact to fairly resolve conflicts
in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate
facts." Hooper, 214 S.W.3d at 13, citing Jackson, 443 U.S. at 318-19, 99 S.Ct. 2781.

 In reviewing the factual sufficiency of the evidence, we must view all of the evidence in a
neutral light, favoring neither party. Johnson v. State, 23 S.W.3d 1, 7 (Tex.Crim.App. 2000); Clewis
v. State, 922 S.W.2d 126, 129 (Tex.Crim.App. 1996). In performing our review, we are to give due
deference to the fact finder's determinations. See id. at 8-9; Clewis, 922 S.W.2d at 136. The fact
finder is the judge of the credibility of the witnesses and may "believe all, some, or none of the
testimony." Chambers v. State, 805 S.W.2d 459, 461 (Tex.Crim.App. 1991). Evidence is factually
insufficient if it is so weak that it would be clearly wrong and manifestly unjust to allow the verdict
to stand, or the finding of guilt is against the great weight and preponderance of the available
evidence. Johnson, 23 S.W.3d at 11. Therefore, the question we must consider is whether a neutral
review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is
so obviously weak as to undermine confidence in the fact finder's determination, or the proof of
guilt, although adequate if taken alone, is greatly outweighed by contrary proof. See id. 

 Under the first prong of Johnson, we cannot conclude that a conviction is "clearly wrong"
or "manifestly unjust" simply because, on the quantum of evidence admitted, we would have voted
to acquit had we been on the jury. Watson v. State, 204 S.W.3d 404, 417 (Tex.Crim.App. 2006). 
Under the second prong, we cannot declare that a conflict in the evidence justifies a new trial simply
because we disagree with the jury's resolution of that conflict. Id. Before finding that evidence is
factually insufficient to support a verdict, we must be able to say, with some objective basis in the
record, that the great weight and preponderance of the evidence contradicts the jury's verdict. Id. 

LAWFULNESS OF DETENTION OR ARREST


 Appellant suggests the evidence is insufficient to prove Officer Gutierrez had a reasonable
suspicion to detain him because: 

  She did not describe the noise with any particularity; 


  she had no specific articulable facts to believe that he had engaged in an exhibition
of acceleration; 


  she could not describe the length of time the motorcycle tire was spinning, how fast
the tire was spinning, the circumstances under which the tire was spinning, the cause
of the smoke or its volume; 


  Appellant testified he did not burn his tire;


  he explained it was not possible to develop the RPMs necessary to make a tire smoke
unless the tire spins for 35 to 40 seconds; and 


  the State did not present evidence that the tire was spinning for the requisite length
of time. 


 An officer may conduct a brief investigatory detention when he has reasonable suspicion to
believe that an individual is involved in criminal activity. Balentine v. State, 71 S.W.3d 763, 768
(Tex.Crim.App. 2002); see also Terry v. Ohio, 392 U.S. 1, 21-22, 88 S.Ct. 1868, 1880-81, 20
L.Ed.2d 889 (1968). A temporary detention will be justified when the detaining officer has specific
articulable facts which, taken together with rational inferences from those facts, lead him to conclude
that the person detained actually is, has been, or soon will be engaged in criminal activity. Balentine,
71 S.W.3d at 768. Because this is an objective standard, we disregard any subjective intent of the
officer making the stop and look solely to whether an objective basis exists. Ford v. State, 158
S.W.3d 488, 492 (Tex.Crim.App. 2005). A reasonable-suspicion determination is made by
considering the totality of the circumstances. Id. at 492-93. "Proof of probable cause to detain or
arrest a person need not be as strong or direct as the proof required to establish the offense." Howard
v. State, 932 S.W.2d 216, 218 (Tex.App.--Texarkana 1996, pet. ref'd). 

 While patrolling an area frequented by racers, Officer Gutierrez heard a loud noise and saw
a motorcycle create a lot of smoke as it spun its rear tire. (1) As the smoke cleared, the officers drove
up to the motorcycle and turned on the lights and sirens. Appellant looked back at the officers and
fled southbound for approximately a mile and a half. The officers were driving 70 or 75 miles per
hour chasing a suspect driving 80 or 85 miles per hour in an area with a posted speed limit of 30
miles per hour. 

 Even if Officer Gutierrez did not provide specific articulable facts to detain Appellant for
smoking his tires and noise violations, she offered specific articulable facts that Appellant committed
the traffic violation of speeding. See Walter v. State, 28 S.W.3d 538, 542 (Tex.Crim.App. 2000)(the
decision to stop an automobile is reasonable where the police have probable cause to believe that a
traffic violation has occurred); Pickens v. State, 159 S.W.3d 272, 274 (Tex.App.--Amarillo 2005,
no pet.)(a suspect may be stopped or arrested for criminal acts which he commits while attempting
to avoid the officer); Tex.Transp.Code Ann. § 545.352 (Vernon Supp. 2006)(speed in excess of
the limits established is prima facie evidence that the speed is not reasonable and prudent and that
the speed is unlawful); Tex.Transp.Code Ann. § 545.351 (Vernon 1999)(operator may not drive
at a speed greater than is reasonable and prudent under the circumstances then existing). Based upon
her observations, Officer Gutierrez had reasonable suspicion to detain Appellant. See Ford, 158
S.W.3d at 492 (whether a basis for the stop exists is based on an objective standard). Viewing the
evidence in both the light most favorable to the trial court's finding and in a neutral light, the
evidence was sufficient to support the trial court's finding that the officers had attempted to lawfully
detain Appellant.

PROOF OF IDENTITY


 Appellant next complains that the evidence was insufficient to prove he was the driver of the
motorcycle. In support of this argument, he points to the following:


  Officer Gutierrez could not remember if the person they had been chasing wore a
helmet;


  the officers lost sight of the motorcycle for a period of time during the chase;


  Appellant was arrested in an area where other motorcycles were located;


  the officers had pursued a suspect with a jacket but Appellant wasn't wearing one;


  Officer Bryan could not identify the route taken in the pursuit; and 


  the State did not prove the motorcycle observed by Officer Bryan was the same
motorcycle pursued by Officer Gutierrez . 

Appellant also reiterates that he never saw the helicopter lights or the squad car lights. 

 Although Officer Gutierrez lost sight of the motorcycle temporarily, the helicopter pilot 
informed the patrol team of Appellant's exact location. According to the pilot, the helicopter lights
were continuously trained on Appellant and he never lost sight of him during the pursuit. The
motorcycle turned into a parking lot and stopped. Officer Bryan saw the suspect step off the
motorcycle, remove his jacket, and walk over to others in the parking lot. He directed the patrol
officers to the location and identified the driver. There were no other motorcycles pursued by the
police car. This evidence is legally sufficient to prove identity. 

 It is also factually sufficient. Officer Bryan never lost sight of the motorcycle and directed
the other officers to the driver. Despite Appellant's denials, we must give due deference to the fact
finder's determinations and we should not substantially intrude upon its role as the sole judge of the
weight and credibility of the witness testimony. See Marshall v. State, 210 S.W.3d 618, 625
(Tex.Crim.App. 2006); Johnson, 23 S.W.3d at 7. We overrule both issues for review and affirm the
judgment of the trial court.




September 20, 2007 

 ANN CRAWFORD McCLURE, Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)

1. Under the Transportation Code, a person may not participate in any manner, in connection with a drag race,
an exhibition of vehicle speed or acceleration or to make a vehicle speed record. Tex.Transp.Code Ann. § 545.420
(a)(5)(Vernon Supp. 2006). "Drag race" means the operation of two or more vehicles from a point side by side at
accelerating speeds in a competitive attempt to outdistance each other; or one or more vehicles over a common selected
course, from the same place to the same place, for the purpose of comparing the relative speeds or power of acceleration
of the vehicle or vehicles in a specified distance or time. Id. at § 545.420 (b)(1)(A) & (B). Additionally, a person
commits the offense of disorderly conduct if he knowingly or intentionally makes unreasonable noise in a public place. 
See Tex.Penal Code Ann. § 42.01 (a)(5)(Vernon Supp. 2006).