PD-0291-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/1/2015 4:36:25 PM
Accepted 6/2/2015 11:17:13 AM
ABEL ACOSTA
CLERK

No. PD–0291–15

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

LEROY CALHOUN
*Petitioner*

v.

THE STATE OF TEXAS
*Respondent*

On review from the Tenth Court of Appeals
Case number 10–14–00058–CR

PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

June 2, 2015

ABEL ACOSTA, CLERK

Franklin Bynum
Texas Bar Number 24069451
2814 Hamilton Street
Houston, Texas 77004
(713) 343-8844
fgb@lawfgb.com
*Counsel for Applicant*

**Oral Argument Requested**

## IDENTITY OF PARTIES AND COUNSEL

| | |
|---|---|
| Appellant | Leroy Calhoun<br>2701 Longmire Drive # 501<br>College Station, Texas 77840 |
| Defense Counsel at Trial | Craig Greaves<br>118B South Main Street<br>Bryan, Texas 77803 |
| Prosecutors at Trial | William Ward<br>*Assistant District Attorney*<br>Brazos County District Attorney<br>300 East 26th Street<br>Bryan, Texas 77803 |
| Judge Presiding at Trial | The Honorable Travis Bryan<br>272nd District Court<br>300 E 26th Street<br>Bryan, Texas 77803 |
| Appellant's Counsel<br>at the Court of Appeals | Clint Sare<br>PO Box 1694<br>Bryan, Texas 77803 |
| State's Counsel<br>at the Court of Appeals | Jessica Escue<br>Brazos County District Attorney<br>300 East 26th Street<br>Bryan, Texas 77803 |
| Petitioner's Counsel<br>on Discretionary Review | Franklin Bynum<br>Bynum Law Office PLLC<br>2814 Hamilton Street<br>Houston, Texas 77004 |

TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL............................................ 2

TABLE OF CONTENTS ........................................................ 3

INDEX OF AUTHORITIES ..................................................... 4

STATEMENT REGARDING ORAL ARGUMENT ..................................... 5

STATEMENT OF THE CASE.................................................... 5

STATEMENT OF PROCEDURAL HISTORY ........................................ 5

QUESTION PRESENTED FOR REVIEW .......................................... 6

In an evading arrest case, the State must prove that the
officer's attempt to detain or arrest was lawful. In this
case, there is no evidence regarding whether the initial
attempt to detain or arrest was unlawful; the State relied
on conduct after the initial stop—which was never shown
to be lawful— to prove a lawful attempt to detain or arrest.
May the State prove its case with evidence that that may
have been the result of an unlawful attempt to detain?......................................6

ARGUMENT ................................................................ 6

PRAYER .................................................................. 9

CERTIFICATE OF COMPLIANCE ............................................... 10

CERTIFICATE OF SERVICE.................................................. 10

APPENDIX A: THE OPINION BELOW........................................... 11

INDEX OF AUTHORITIES

**Cases**

*Blount v. State*, 965 S.W.2d 53, 54–55 (Tex. App.–Houston [1st Dist.] 1998, pet. ref'd) ............................................................................. 7

*Calhoun v. State*, 10-14-00058-CR, 2015 WL 630622 (Tex. App.— Waco Feb. 12, 2015, no pet h.). .................................................5, 6, 7

*Comer v.* State, 754 S.W.2d 656 (1986) ................................................ 8

*Pickens v. State*, 159 S.W.3d 272 (Tex. App.–Amarillo 2005, no pet.) . 7

**Rules**

Tex. R. App. P. 66.3(b)........................................................................... 8

**Constitutional Provisions**

Tex. Const. art. I, § 10........................................................................... 8

U.S. Const. amend. V ............................................................................ 8

U.S. Const. amend. XIV ........................................................................ 8

## STATEMENT REGARDING ORAL ARGUMENT

Counsel always enjoys an opportunity to address issues personally with the Court.

## STATEMENT OF THE CASE

At trial in this evading arrest case, the State and the defense entered into an agreement on the record to not discuss why officers initially attempted to stop Leroy Calhoun; consequently, the record has no evidence that the initial attempted detention was lawful. The State sought to prove the element of lawful detention by conduct that came only after a detention that was never proven to be lawful. The court of appeals agreed, and affirmed the conviction.

Leroy Calhoun brings this petition for discretionary review to challenge the court of appeals' determination that the initial attempted detention need not be shown to be lawful in an evading arrest case.

## STATEMENT OF PROCEDURAL HISTORY

Leroy Calhoun pleaded not guilty to evading with a motor vehicle on May 1, 2006 in the 272nd District Court of Brazos County.[1] The jury found Calhoun guilty, and the judge imposed a sentence of six years in prison on January 31, 2014.[2]

---

[1] *Calhoun v. State*, 10-14-00058-CR, 2015 WL 630622, at *1 (Tex. App.—Waco Feb. 12, 2015, no pet h.).
[2] *Id.*

The Tenth Court of Appeals affirmed the conviction on February 12, 2015.[3]

### QUESTION PRESENTED FOR REVIEW

In an evading arrest case, the State must prove that the officer's attempt to detain or arrest was lawful. In this case, there is no evidence regarding whether the initial attempt to detain or arrest was unlawful; the State relied on conduct after the initial stop—which was never shown to be lawful— to prove a lawful attempt to detain or arrest. May the State prove its case with evidence that that may have been the result of an unlawful attempt to detain?

### ARGUMENT

On the morning of trial in this case, the defense lawyer moved for a continuance because he was unprepared to litigate the initial reason the officers attempted to detain Calhoun.[4] In response, the State and the defense entered into a stipulation that they would not discuss the reason for the initial stop.[5]

The State then put on evidence that, after an initial attempted detention that was not ever shown to be lawful, that Calhoun committed several traffic violations: "ran a four-way stop intersection, went

---

[3] *Id.* at *3.
[4] *Id.* at *2.
[5] *Id.*

6

into a left turn lane, ran several more stop signs, drove into oncoming traffic, and drove in a manner dangerous to surrounding vehicles."[6]

On appeal, Calhoun raised one issue: that the evidence was insufficient because the State failed to prove that the initial attempted detention was lawful.[7]

The Tenth Court of Appeals disagreed, and found that that initial attempted detention need not be proven lawful for the evidence to be sufficient.[8] The Tenth Court cited *Pickens* out of Amarillo and *Blount* out of the First Court in Houston to support the proposition that the initial stop need not be proven to be lawful if there are lawful reasons for the attempted detention that occur after the initial attempted detention.[9] The Court below cited its own concurring authority, and noted

> every appellate court that has addressed this issue has held that the offenses committed while a defendant is attempting to evade an officer's detention provides a lawful basis to detain the defendant—even if the officer did not have a lawful reason for the detention at the time the officer attempted to detain the defendant initially.[10]

---

[6] *Id.* at *1.
[7] *Id.*
[8] *Id.* at *3.
[9] *Pickens v. State*, 159 S.W.3d 272 (Tex. App.–Amarillo 2005, no pet.); *Blount v. State*, 965 S.W.2d 53, 54–55 (Tex. App.–Houston [1st Dist.] 1998, pet. ref'd).
[10] *Calhoun*, 2015 WL 630622 at *3.

This should not be so. The decision below and the authority it relies upon should be overruled; this is an important question of state law that has not been but should be resolved by this Court.[11] It is a violation of Due Process and Due Course of Law for the police to be able to unlawfully attempt initiate a traffic stop, then use a citizen's response to the unlawful attempted stop to then convict that citizen of a felony.[12]

This idea of Due Process and fundamental fairness pervades other areas of criminal law. For example, evidence—even contraband—that was abandoned as a result of an unlawful stop is considered to be involuntarily abandoned, and may not be used.[13] The abandonment must be voluntary, and not "merely the result of police unlawfulness."[14] Even though *Comer* is a suppression case, the principle is the same: acts that are coerced through unlawful police action should be considered involuntary and not considered to determine the lawfulness of a stop.

---

[11] Tex. R. App. P. 66.3(b).
[12] U.S. Const. amend. V, XIV;  Tex. Const. art. I, § 10.
[13] *Comer v.* State, 754 S.W.2d 656, 658 (1986).
[14] *Id.*

## PRAYER

Leroy Calhoun prays that the Court grant his petition and set a briefing schedule.

Respectfully,

/s/ Franklin Bynum
Franklin Bynum
Texas Bar Number 24069451
2814 Hamilton Street
Houston, Texas 77004
(713) 343-8844
fgb@lawfgb.com

## CERTIFICATE OF COMPLIANCE

The word-processing software used to produce this brief reports its length as 1,182 words.

/s/ Franklin Bynum
Franklin Bynum

## CERTIFICATE OF SERVICE

I delivered a copy of this petition to the Brazos County District Attorney and to the State Prosecuting Attorney, both by electronic service at the time of filing on May 30, 2015, and then again on submission of a corrected filing on June 1, 2015.

/s/ Franklin Bynum
Franklin Bynum

APPENDIX A: THE OPINION BELOW

SEE TX R RAP RULE 47.2 FOR DESIGNATION AND SIGNING OF OPINIONS.

MEMORANDUM OPINION
DO NOT PUBLISH
Court of Appeals of Texas,
Waco.

Leroy Calhoun, Jr., Appellant
v.
The State of Texas, Appellee

No. 10–14–00058–CR | Opinion delivered and filed February 12, 2015

**From the 272nd District Court, Brazos County, Texas, Trial Court No. 12–03318–CRF–272, Travis B. Bryan, III, Judge**

**Attorneys and Law Firms**

Clint F. Sare, Attorney at Law, Bryan, TX, for Appellant/Relator.

Javis J. Parsons, District Attorney, Jessica Escue, Assistant District Attorney, Bryan, TX, for Appellees/Respondents.

Before Chief Justice Gray, Justice Davis, and Justice Scoggins.

**MEMORANDUM OPINION**

REX D. DAVIS, Justice

**\*1** Asserting one issue, Leroy Calhoun challenges the sufficiency of the evidence supporting his conviction for second-degree felony evading arrest or detention with a vehicle. Calhoun moved for a directed verdict based on the State's alleged failure to show the officer's authority to detain Calhoun. The trial court denied the motion, the jury found Calhoun guilty, and the trial court assessed a six-year sentence. We will affirm.

Specifically, Calhoun contends that the trial court erred in denying his motion for directed verdict, which is a challenge to the sufficiency of the evidence to support the conviction. *See Williams v. State,* 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19 (1979); *Hooper v. State,* 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson,* 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper,* 214 S.W.3d at 13.

*Lucio v. State,* 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The offense of evading arrest requires the State to prove that the defendant intentionally fled from a person he knew was a

peace officer attempting to lawfully arrest or detain him. TEX. PENAL CODE ANN. § 38.04(a) (West Supp. 2014). Calhoun's sufficiency argument is that the evidence was insufficient to show the officer's authority to detain Calhoun before Calhoun fled.

Officer Tim Davis, who was a deputy with the Burleson County Sheriff's Department on May 17, 2012, testified that he was on patrol in a marked sheriff's patrol vehicle when dispatch advised to be on the lookout for a tan-colored Buick. Soon after the dispatch, Davis spotted the vehicle, but he waited for backup to arrive before he attempted to pull over the vehicle. When DPS Trooper John Anderson arrived, Davis activated his overhead lights to attempt to stop the suspect vehicle, which then sped away at a very high rate of speed. While attempting to get away, the suspect vehicle ran a four-way stop intersection, went into a left turn lane, ran several more stop signs, drove into oncoming traffic, and drove in a manner dangerous to surrounding vehicles.

Davis said that the suspect vehicle then turned into an apartment complex and continued to drive at a high rate of speed and in a dangerous manner. The suspect vehicle left the apartment complex and continued to drive in a dangerous manner, including driving in the wrong lane and at a high rate of speed. The suspect vehicle wrecked while trying to turn, and Calhoun, the driver, fled on foot, but Anderson caught him.

**\*2** Anderson testified that he was called to provide backup to Davis to help him stop a suspect vehicle. He confirmed that the suspect vehicle refused to stop for law enforcement and that Calhoun fled on foot after wrecking. Anderson chased him and yelled for him to stop, but Calhoun continued to run until Anderson threatened to use his Taser.

Calhoun's sufficiency complaint is that, other than Davis's "be on the lookout" testimony, the State did not adduce evidence of the basis for stopping Calhoun—that Davis was attempting lawfully to arrest or detain him. Calhoun argues that the case law presented to the trial court during argument on his motion for directed verdict—case law that we and other courts have cited—was wrongly decided and misapplied the authority that it relied on.

The State first responds that, at trial on the morning of jury selection, Calhoun filed a motion for continuance; his trial counsel alleged that he was unprepared to try the case and that "it would set [him] up for ineffective assistance of counsel to proceed." After a break and discussion with the prosecutors, Calhoun's trial counsel then stated on the record:

> Based on the State's promise to me that as to the initial reason why the officers are looking for a vehicle that my client allegedly was driving, which merely would be that they were dispatched there to look at the described vehicle and not the reason why; then, I can proceed because I do not have to get the information from the complaining witness in that other case that was dropped. So, I guess we'll be fine to proceed.

The State thus notes that, in accordance with its agreement, no facts of the underlying offense that justified the initial reason to stop and detain Calhoun were presented to the

Secondly, the State supports the authority that it relied on in the trial court, including our subsequent citation of it, and distinguishes Calhoun's authority. In *Pickens v. State,* 159 S.W.3d 272 (Tex. App.–Amarillo 2005, no pet.), on a sufficiency challenge to a conviction for evading detention, the Amarillo court stated:

> Moreover, authority holds that even if the initial attempt at detention is unlawful, the suspect may be stopped or arrested for criminal acts which he commits while attempting to avoid the officer. *Blount v. State,* 965 S.W.2d 53, 54–55 (Tex. App.–Houston [1st Dist.] 1998, pet. ref'd). In other words, the fact that an officer may not have basis to stop a suspect does not insulate the suspect from arrest for other crimes committed while attempting to avoid the initial detention.

*Pickens,* 159 S.W.3d at 274. Calhoun argues that *Pickens* was wrongly decided and that the Amarillo court's reliance on *Blount* was misplaced because *Blount* was a suppression case, not a challenge to the sufficiency of the evidence. Calhoun argues that the authority from the Houston First court that we should look to is instead *Guillory v. State,* 99 S.W.3d 735 (Tex. App.–Houston [1st Dist.] 2003, pet. ref'd). But the State distinguishes *Guillory,* noting that it did not hold that the lawfulness of a defendant's detention must be determined at the time the officers directed him to stop. There, the defendant argued that the evidence was insufficient to find that the officers had a legal basis to stop him "because there is no way that the police officers could have known whether or not he was actually violating a traffic law at the time they directed him to pull over." *Id.* at 740. Thus, the issue was not when the officers' lawful basis for a stop must occur, but whether the evidence was sufficient to show that the officers could see from their vantage point that the defendant was driving without a front license plate. *Id.* at 741. Also, there was no evidence, unlike this case, that the defendant committed any other offenses during law

enforcement's pursuit. *See id.* at 740–41.

**\*3** The State furthermore notes that the State's factual concession in *Guillory* was not the holding in that case, but was just a one-sentence recitation of that concession and the only discussion of the issue. In *Guillory,* the State conceded "that, unless the officers had formed either probable cause to arrest appellant or had reasonable suspicion sufficient to detain him at the time they directed appellant to stop, the subsequent arrest for evading arrest was invalid." *Id.* at 740.

Finally, the State asserts that every appellate court that has addressed this issue has held that the offenses committed while a defendant is attempting to evade an officer's detention provides a lawful basis to detain the defendant—even if the officer did not have a lawful reason for the detention at the time the officer attempted to detain the defendant initially. For example, in 2007, we stated:

> Moreover, "even if the initial attempt at detention is unlawful, the suspect may be stopped or arrested for criminal acts which he commits while attempting to avoid the officer." *Pickens v. State,* 159 S.W.3d 272, 274 (Tex. App.–Amarillo 2005, no pet.) (citing *Blount v. State,* 965 S.W.2d 53, 54–55 (Tex. App.–Houston [1st Dist.] 1998, pet. ref'd)); *see Bell v. State,* 233 S.W.3d 583, 587–88 (Tex. App.–Waco 2007, no pet. h.). According to Kelly, Ellis, and Lee, Williams drove through stop signs, blew through intersections, traveled at a high rate of speed, and ran over a street sign. Lee even observed Williams aiming the truck at pedestrians. Even if the officers possessed no lawful reason to detain Williams prior to the car chase, a lawful reason arose once Williams violated the traffic laws while attempting to evade the officers. *See Pickens,* 159 S.W.3d at 274; *see also Bell,* 233 S.W.3d at 587–88.

*Williams v. State,* No. 10–06–00341–CR, 2007 WL 4260479, at \*4 (Tex. App.–Waco Dec. 5, 2007, pet. ref'd) (mem. op., not designated for publication); *see Almond v. State,* No. 08–05–00369–CR, 2007 WL 2742320, at \*3 (Tex. App.–El Paso Sept. 20, 2007, no pet.) (not designated for publication); *see also Bell v. State,* 233 S.W.3d 583, 587–88 (Tex.App.–Waco 2007, pet. ref'd, untimely filed).

In conclusion, based on the above authority, we agree with the State that if a defendant commits criminal activity during an attempt to evade law enforcement, evidence of that criminal activity alone can be sufficient to support a finding that the law enforcement officer's detention was lawful. And in this case, the officer's testimony was that Calhoun committed numerous traffic offenses while attempting to evade detention. Thus, the evidence is sufficient to support the lawfulness of the officers' subsequent detention of Calhoun, and the trial court did not err in denying Calhoun's motion for directed verdict.

We overrule Calhoun's sole issue and affirm the trial court's judgment.

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.