Corey Lynell BLOUNT, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–95–00497–CR, 01–95–00498–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 5, 1998.

Stanley Schneider, Houston, for Appellant.

John B. Holmes, William Delmore, III, Houston, for Appellee.

Before WILSON, ANDELL and HUTSON–DUNN,[1] JJ.

## OPINION

WILSON, Justice.

Appellant, Corey Lynell Blount, was charged by separate informations with the offenses of carrying a weapon and evading arrest. Each information was enhanced with the same prior conviction for carrying a weapon. Appellant's motion to suppress was denied. Appellant then pled guilty to each offense, and the trial judge assessed punishment at 120 days in jail. In five points of error, appellant argues that the trial court erred in denying his motion to suppress. We address the lawfulness of an arrest for offenses committed during flight from an allegedly unlawful attempted detention. We affirm.

### Facts

On November 19, 1994, Sergeant B.J. Taylor and Deputy Freddy Carlson of the Harris County Sheriff's Department were working on foot patrol as part-time security guards in a Houston mall. They observed appellant driving his car through the parking lot of the mall with the trunk open. Music was emanating from neon-lit speakers in the trunk at a noise level "equivalent to a jet engine." Based on a judgment that the noise was excessive and observations that it was disturbing mall patrons, Taylor, aided by Carlson, unsuccessfully attempted to stop appellant in order to issue him a citation for disorderly conduct. The officers approached appellant's car and ordered him to stop, both verbally and by hand motion, but appellant looked at them and drove away at a fast rate of speed. As appellant drove off, he came within a foot or two of Carlson causing Carlson to jump out of the way for fear of being hit.

An officer on horse patrol responded to Carlson's yell for assistance and began chasing appellant on horseback. Appellant drove over two curbs and a grass median at a rate of speed estimated by Carlson to be approximately 40 to 45 miles per hour. Carlson and Taylor both described appellant's driving as reckless. Carlson also observed appellant enter the street, after driving over a curb and sidewalk, without stopping. Taylor estimated appellant's speed as greater than the 45–mile–per–hour speed limit on the street. The mounted officer and his horse were injured trying to stop appellant in the mall parking lot.

William Sharp of the Harris County Constable's Patrol Division reacted to a general broadcast describing appellant's car and conduct and stopped him 15 to 20 minutes after the incident began. Sharp detained appellant until Carlson arrived and identified appellant. Appellant was then arrested for evading arrest, and an inventory search of his car resulted in the seizure of a .45 caliber pistol.

### Discussion

In five points of error, appellant complains the trial court erred in denying appellant's motion to suppress evidence because the noise statute and ordinance are vague and overbroad. Appellant argues that his initial seizure was illegal because it was not based on either reasonable suspicion or probable cause that a crime had been or was being committed. Thus, all evidence obtained after the initial illegal seizure should have been suppressed. Appellant reaches this conclusion by presuming the State relied solely upon the noise statutes or ordinances to justify appellant's seizure.

Among the State's arguments, however, is: "Even if Taylor and Carlson had not had a lawful or constitutional basis for requesting the appellant to stop, the appellant was not thereafter immune from arrest or prosecution for any *additional* offenses committed during his flight from those officers." The

---

1. The Honorable D. Camille Hutson–Dunn, retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

State argues that appellant's arrest is justified on the basis of appellant's reckless driving and speeding.

■ At the outset, we observe that appellant was not seized when Taylor and Carlson attempted to stop appellant for excessive noise. A suspect is not seized until an officer's attempt to stop him is successful. *See California v. Hodari, D.,* 499 U.S. 621, 626–28, 111 S.Ct. 1547, 1550–51, 113 L.Ed.2d 690 (1991); *Johnson v. State,* 912 S.W.2d 227, 234–35 (Tex.Crim.App.1995).

■ A person commits the offense of reckless driving "if the person drives a vehicle in wilful or wanton disregard for the safety of persons or property." TEX. TRANSP. CODE ANN. § 545.401 (Vernon Pamph.1998). The testimony of both Taylor and Carlson showed at least probable cause that appellant violated this statute by speeding in a mall parking lot, nearly hitting Carlson, jumping curbs, crossing a sidewalk and grassy medians, entering the street without stopping, and speeding on that street.

■ Officer Sharp's detention of appellant was justified if the general broadcast produced sufficient information to establish probable cause. *See Farmah v. State,* 883 S.W.2d 674, 678 (Tex.Crim.App.1994); *Moore v. State,* 822 S.W.2d 355, 360 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). The radio broadcast described appellant's evasion of arrest, the color of his car, and his license plate number. We find this information was sufficient to establish probable cause and justify appellant's detention. The fact that appellant was stopped for evasion rather than reckless driving is inconsequential because we review whether the facts and circumstances known to the officers *objectively* constituted a lawful basis for arrest, regardless of the officers' *subjective* understanding of the motivation or purpose of their actions. *See Garcia v. State,* 827 S.W.2d 937, 944 (Tex.Crim.App.1992); *Williams v. State,* 726 S.W.2d 99, 100–101 (Tex.Crim.App.1986).

Because appellant's arrest and the search of his car were lawful apart from the constitutionality of the noise statute and ordinance, it is unnecessary to address appellant's five points of error.

We uphold the trial court's decision to deny appellant's motion to suppress and affirm the trial court's judgments.