11th Court of Appeals
Eastland, Texas
Opinion
 
Jason Keith Durham 
            Appellant
Vs.            No. 11-03-00155-CR -- Appeal from Dallas County
State of Texas 
            Appellee
 
            After the trial court denied his motion to suppress evidence, appellant pleaded guilty to the 
misdemeanor offense of driving while intoxicated. In accepting appellant’s plea, the trial court
granted appellant permission to appeal the adverse ruling on the motion to suppress. Pursuant to the
plea bargain agreement, the trial court sentenced appellant to 365 days confinement, suspended the
sentence, and placed appellant on community supervision for two years. Appellant complains of the
trial court’s denial of his motion to suppress in his sole issue on appeal. Specifically, appellant
argues that the arresting police officer did not have probable cause to arrest him for DWI. We
affirm.
Background Facts
            Appellant was arrested during the early morning hours of January 1, 2002. Officer James
Richardson of the Farmer’s Branch Police Department and Officer Billy Barnett of the Addison
Police Department testified at the hearing on appellant’s motion to suppress. Officer Richardson
testified that he was off duty at the time of the incident. The incident occurred on Marsh Lane.
Marsh Lane has two northbound lanes and two southbound lanes. It is divided in the center by a
curbed median.
            Officer Richardson testified that he saw a Jeep Cherokee traveling at a high rate of speed in
the right northbound lane of Marsh Lane. Officer Richardson followed the Jeep. Officer Richardson
said that the driver of the Jeep was unable to maintain the Jeep in a single lane of traffic. Officer
Richardson saw the Jeep, on numerous occasions, swerve from the right lane into the left lane and
then jerk back into the right lane. The driver did not make any signals during the lane changes. The
Jeep almost struck the curb of the median a number of times. Officer Richardson testified that the
Jeep’s speed fluctuated between 40 and 90 miles per hour.
            Officer Richardson thought that the driver of the Jeep was drunk. After following the Jeep
for about half a mile, Officer Richardson called the police dispatcher and said that he was following
an alleged drunk driver in a northbound direction on Marsh Lane. Officer Richardson testified that
the Jeep made a U-turn and drove in the southbound lanes of Marsh Lane. The Jeep jumped the curb
while making the U-turn. Officer Richardson made a U-turn and continued to follow the Jeep. He
advised the police dispatcher of their location. The Jeep again got up to speeds of 80 to 90 miles per
hour, swerved from lane to lane, and almost struck the curb. Officer Richardson testified that the
Jeep then jumped the center median and then collided head-on with a vehicle that was traveling in
the northbound lanes of Marsh Lane. After the vehicles came to rest, Officer Richardson saw the
driver get out of the Jeep. Officer Richardson thought that the driver was trying to flee the scene. 
He advised the driver to get on the ground and said that police and an ambulance were on the way. 
Officer Richardson said that he held the driver on the ground until Officer Barnett arrived. Officer
Richardson testified that Officer Barnett handcuffed the driver. Officer Richardson testified that,
based on what he had observed, he believed that the driver of the Jeep was intoxicated.
            Officer Barnett testified that, during the early morning hours of January 1, 2002, he was
dispatched to a suspected DWI on Marsh Lane. The dispatcher said that an off-duty police officer
was following a vehicle and that the off-duty officer suspected that the driver of the vehicle was
intoxicated. The dispatcher told Officer Barnett that the vehicles were northbound on Marsh Lane. 
Officer Barnett went to Marsh Lane and then proceeded in a northbound direction. He did not see
the vehicles at that time. He received a radio message that the vehicles had turned and were now
heading southbound on Marsh Lane. While he was still heading north, Officer Barnett saw the Jeep
going south. Officer Barnett made a U-turn and saw the Jeep in the right lane. The Jeep strayed
from the right lane, crossed the four or five-inch high median, and struck a vehicle that was in the
northbound lanes of Marsh Lane head-on.
            Officer Barnett said that, after making sure that the driver of the other vehicle was okay, he
found Officer Richardson holding appellant on the ground. Officer Barnett said that appellant would
have believed that he was under arrest at that time. Officer Barnett placed appellant in handcuffs. 
Officer Barnett said that the handcuffs were removed temporarily when the medics arrived so that
they could provide medical treatment to appellant. After the handcuffs were removed, Officer
Barnett observed a strong odor of alcohol on appellant’s breath and a glassy look in appellant’s eyes. 
Officer Barnett said that the look in appellant’s eyes, appellant’s emotional state, and the odor of
alcohol on appellant’s breath gave him probable cause to arrest appellant. Officer Barnett also said
that, without the odor of alcohol on appellant’s breath and the glassy look in appellant’s eyes, he
would not have had probable cause to believe that appellant was driving while intoxicated.
Issue Presented
            Appellant argues that Officer Barnett did not have probable cause to arrest him because the
arrest occurred “before” Officer Barnett observed the glassy look in his eyes and the odor of alcohol
on his breath. Appellant relies on Officer Barnett’s testimony that: (1) Officer Barnett did not make
these observations until after the handcuffs were removed and (2) without these observations, Officer
Barnett would not have had probable cause to arrest appellant for DWI. 
Standard of Review 
            At a suppression hearing, the trial court is the sole and exclusive trier of fact and judge of the
credibility of the witnesses and their testimony. Maxwell v. State, 73 S.W.3d 278, 281
(Tex.Cr.App.2002); Allridge v. State, 850 S.W.2d 471, 493 (Tex.Cr.App.1991), cert. den’d, 510
U.S. 831 (1993). In reviewing a trial court’s ruling on a motion to suppress, appellate courts give
great deference to the trial court’s findings of historical facts as long as the record supports the
findings. Guzman v. State, 955 S.W.2d 85, 89 (Tex.Cr.App.1997). We must afford the same
amount of deference to the trial court’s rulings on “mixed questions of law and fact,” such as the
issue of probable cause, if the resolution of those ultimate questions turns on an evaluation of
credibility and demeanor of the witnesses. Guzman v. State, supra at 89. Appellate courts, however,
review de novo “mixed questions of law and fact” not falling within the previous category. Guzman
v. State, supra. When faced with a mixed question of law and fact, the critical question under
Guzman is whether the ruling “turns” on an evaluation of credibility and demeanor. Loserth v. State,
963 S.W.2d 770, 773 (Tex.Cr.App.1998). A question turns on an evaluation of credibility and
demeanor when the testimony of one or more witnesses, if believed, is enough to decide the
substantive issue. Loserth v. State, supra. 
Probable Cause
            Probable cause to arrest exists when the facts and circumstances within the knowledge of the
arresting officer, and of which he has reasonably trustworthy information, are sufficient to warrant
a reasonable person to believe that a particular person is committing a crime. Guzman v. State, supra
at 87. When several officers are involved in investigating a crime, the sum of information known
to cooperating officers at the time of the arrest is to be considered in determining whether probable
cause to arrest existed. Garrison v. State, 726 S.W.2d 134, 137 (Tex.Cr.App.1987); Woodward v.
State, 668 S.W.2d 337, 344 (Tex.Cr.App.1984).
            We find that the facts and circumstances within Officer Barnett’s knowledge, and of which
he had reasonably trustworthy information, were sufficient to warrant a reasonable person to believe
that appellant was committing the crime of driving while intoxicated. The evidence established that
Officer Richardson observed appellant’s Jeep for about half a mile before calling the police
dispatcher to report a suspected drunk driver. During that half-mile period, appellant swerved from
lane to lane and drove up to 90 miles per hour. Appellant continued to drive in the same manner
after Officer Richardson called the dispatcher. Officer Richardson saw appellant run over the
median curb when appellant made a U-turn. Officer Barnett received information from the
dispatcher about the suspected drunk driver – appellant. Officer Richardson testified that he thought
that appellant was intoxicated. The police dispatcher relayed Officer Richardson’s belief to Officer
Barnett. Officer Barnett arrived on the scene. He and Officer Richardson both saw appellant’s Jeep
swerve from the right southbound lane of Marsh Lane, jump the curb of the median, and cross over
the median into the northbound lanes of Marsh Lane causing a head-on collision. The sum of the
information known to Officer Barnett and Officer Richardson at the time of the arrest led to a
reasonable belief that appellant was intoxicated. Therefore, probable cause existed to arrest
appellant for DWI.
            In arguing that there was no probable cause at the time of the arrest, appellant relies on
Officer Barnett’s subjective belief that he did not have probable cause to arrest appellant for DWI
until after he observed appellant’s glassy eyes and the odor of alcohol on appellant’s breath. 
However, when determining whether probable cause existed for an arrest, we review whether the
facts and circumstances known to the officer “objectively” constituted a lawful basis for the arrest,
regardless of the officer’s “subjective” understanding of the motivation or purpose of his actions. 
Blount v. State, 965 S.W.2d 53, 55 (Tex.App. - Houston [1st Dist.] 1998, pet’n ref’d)(citing Garcia
v. State, 827 S.W.2d 937, 944 (Tex.Cr.App.1992), and Williams v. State, 726 S.W.2d 99, 100-101
(Tex.Cr.App.1986)). As stated above, the facts known to Officer Barnett at the time of the arrest
objectively constituted probable cause for the arrest. Appellant’s sole issue is overruled.
This Court’s Ruling
            The judgment of the trial court is affirmed.
 
                                                                                                TERRY McCALL
                                                                                                JUSTICE
 
February 5, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.