NO. 07-04-0309-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MARCH 10, 2005


______________________________



ROBERT PICKENS, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-404,445; HON. JIM BOB DARNELL, PRESIDING


_______________________________



Before QUINN, REAVIS, and CAMPBELL, JJ.

 Robert Pickens (appellant) appeals his conviction for evading detention through four
issues. The first two concern whether the trial court erred in denying his motion to
suppress evidence while the last two involve the legal and factual sufficiency of the
evidence underlying the jury's verdict. We affirm the judgment. 

Background


 While returning from a call and at around 9:00 a.m., Officer Calvillo observed a
pickup truck parked in an alley behind a house. It was raining, misty, and cloudy at the
time, and no one was seen around the vehicle. The officer nonetheless continued on. 
However, as he did, he noticed that the house behind which the truck was parked appeared
vacant and had a "for sale" sign in front of it. So too did he notice movement in the vehicle
after he turned down an intersecting street to gain a different vantage point. It appeared
to the officer that someone was bent over inside the cab as if to retrieve something. 

 Recalling that several burglaries had recently occurred in the area, that it was a
"common occurrence" for vacant homes to be burglarized, and that appliances and air
conditioning units were often the objects taken, Calvillo decided to enter the alley behind
the truck. As the officer approached, the truck's "brake lights come [sic] on" as did its "turn
lights," and the driver began to pull away. When the vehicle and its occupant (who was
later identified as appellant) came to the end of the alley and turned on to the adjoining
street, Calvillo engaged his emergency lights. Appellant looked back at Calvillo and
pointed in the direction of another street, but he did not stop. Instead, appellant sped up. 
The officer then turned on his sirens. Appellant continued on and began to turn down
streets in the residential area. So too did he run a stop sign and drive down a turning lane,
both of which were traffic violations according to the officer. The group eventually stopped
after appellant turned onto a dead-end street. At that point, appellant was arrested. 

 A search of the vehicle revealed a syringe cap inside the truck. Furthermore,
appellant had thrown a plastic baggy from the truck after encountering Calvillo and as the
pair drove through the area. When the baggy was retrieved, it was discovered to contain
syringes and a burned cotton swab. Appellant also had a fresh needle mark on his arm. 
 


Issues 1 and 2 - Motion to Suppress


 In his first two issues, appellant contends that the trial court erred in failing to grant
his motion to suppress. Suppression was required because the officer had no basis upon
which to initially detain appellant as he drove from the alley, so appellant argues. We
overrule the point.

 The Court of Criminal Appeals recently held that, in a case wherein the accused is
charged with evading arrest or detention, it is improper to request the trial court to rule upon
a pretrial motion to suppress evidence when the movant questions the validity of the
detention. Woods v. State, 153 S.W.3d 413, 415-16 (Tex. Crim. App. 2005). This is so
because, under that circumstance, the trial court is being asked to determine whether there
is proof of an element of the offense, and that is not the purpose of a pretrial hearing. Id. 
 Given that the trial court was prohibited from acting upon appellant's pretrial motion to
suppress, we cannot say that it erred in refusing to grant the motion. 

Issues 3 and 4 - Sufficiency of the Evidence 


 In his third and fourth issues, appellant questions the legal and factual sufficiency
of the evidence to sustain his conviction. Purportedly, the evidence was insufficient
because Calvillo lacked reasonable suspicion to try and stop appellant as the latter left the
alley. We overrule the points.

 The standards by which we review legal and factual sufficiency challenges are well
established. We refer the parties to Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61
L.Ed.2d 560 (1979), Sims v. State, 99 S.W.3d 600 (Tex. Crim. App. 2003), Zuliani v. State,
97 S.W.3d 589 (Tex. Crim. App. 2003), and King v. State, 29 S.W.3d 556 (Tex. Crim. App.
2000) for their explanation. 

 No one disputes that the attempt at detention must be lawful before one can be
convicted of evading detention. Moreover, authority holds that even if the initial attempt at
detention is unlawful, the suspect may be stopped or arrested for criminal acts which he
commits while attempting to avoid the officer. Blount v. State, 965 S.W.2d 53, 54-55 (Tex.
App.-Houston [1st Dist.] 1998, pet. ref'd). In other words, the fact that an officer may not
have basis to stop a suspect does not insulate the suspect from arrest for other crimes
committed while attempting to avoid the initial detention. So, assuming arguendo that
Officer Calvillo lacked both reasonable suspicion and probable cause to detain appellant
in the alley, such arose once appellant violated the traffic laws while attempting to evade
Calvillo. And, since evidence appears of record indicating that appellant continued in his
effort to evade the officer after violating those laws, the jury had before it sufficient evidence
to rationally conclude, beyond reasonable doubt, that the eventual stop was indeed lawful. 
See id. at 55 (holding that a suspect is not seized until the stop is effectuated). 
Furthermore, the evidence was neither weak nor overwhelmed by any contradictory
evidence. Consequently, the verdict enjoyed the support of both legally and factually
sufficient evidentiary support.

 The judgment of the trial court is affirmed.


 Brian Quinn 

 Justice 

Publish.



ationship exists. Id. Neither Erickson or Canter had a duty of
disclosure to Ayers and the doctrine of fraudulent concealment is inapplicable. We
overrule Ayers' first two issues.

 By his third issue, Ayers contends that his amended pleadings asserted a claim for
fraud governed by the four-year limitations period of section 16.004 of the Civil Practice
and Remedies Code. We are similarly unable to find in the summary judgment record that
such a contention was presented to the trial court. Neither Ayers' pleadings nor his
response to the motions for summary judgment advised the trial court that he contended
section 16.004 applied to any of his claims. All of the discussion in the summary judgment
record concerns the two-year statute under section 16.003. His third point presents
nothing for our review, Casso, 776 S.W.2d at 553, and is overruled.

 Having overruled each of Ayers' issues, we affirm the judgment of the trial court. 

 

 James T. Campbell

 Justice




1. Cook is not a party to this appeal and his answer does not appear in the record.
2. See, e.g., Borderlon v. Peck, 661 S.W.2d 907, 908 (Tex. 1983).