NO. 07-07-0410-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 16, 2007

______________________________

DALE ALAN CURTIS,

Appellant

V.

WILLIAM J. KOUNTZ, et al.,

Appellees

_________________________________

FROM THE 172
nd
 DISTRICT COURT OF JEFFERSON COUNTY;

NO. E-172991; HONORABLE DONALD FLOYD, JUDGE

_______________________________

MEMORANDUM OPINION

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Dale Alan Curtis, appellant, 
appealed from a final judgment of the trial court.  We dismiss the appeal.

The clerk’s record was filed with this court on September 24, 2007.  No reporter’s record was filed.  Appellant’s brief, therefore, was due on October 24, 2007.  By letter dated October 31, 2007, we notified appellant that the due date for the brief had passed, that the brief had not been filed and that no motion for extension of time to file the brief had been received by the court.  Citing Texas Rule of Appellate Procedure
 
38.8, we also informed appellant that the appeal would be subject to dismissal unless a response reasonably explaining his failure to file a brief was filed by November 12, 2007.  To date, appellant has filed neither a response to the court’s October 31st letter, a brief nor a motion requesting an extension of the lapsed deadline.   

Accordingly, we dismiss the appeal for want of prosecution.  
Tex. R. App. P. 
38.8(a)(1); 42.3(b).

Brian Quinn

          Chief Justicer street, but he did not stop.  Instead, appellant sped up.  The officer then turned on his sirens.  Appellant continued on and began to turn down streets in the residential area.  So too did he run a stop sign and drive down a turning lane, both of which were traffic violations according to the officer.  The group eventually stopped after appellant turned onto a dead-end street.  At that point, appellant was arrested.  

A search of the vehicle revealed a syringe cap inside the truck.  Furthermore, appellant had thrown a plastic baggy from the truck after encountering Calvillo and as the pair drove through the area.  When the baggy was retrieved, it was discovered to contain syringes and a burned cotton swab.  Appellant also had a fresh needle mark on his arm.   

Issues 1 and 2 - Motion to Suppress

 
In his first two issues, appellant contends that the trial court erred in failing to grant his motion to suppress.  Suppression was required because the officer had no basis upon which to initially detain appellant as he drove from the alley, so appellant argues.  We overrule the point.

The Court of Criminal Appeals recently held that, in a case wherein the accused is charged with evading arrest or detention, it is improper to request the trial court to rule upon a pretrial motion to suppress evidence when the movant questions the validity of the detention.
  Woods v. State,
 153 S.W.3d 413, 415-16 (Tex. Crim. App. 2005).  This is so because, under that circumstance, the trial court is being asked to determine whether there is proof of an element of the offense, and that is not the purpose of a pretrial hearing.  
Id.
   Given that the trial court was prohibited from acting upon appellant’s pretrial motion to suppress, we cannot say that it erred in refusing to grant the motion.  

Issues 3 and 4 - Sufficiency of the Evidence 

In his third and fourth issues, appellant questions the legal and factual sufficiency of the evidence to sustain his conviction.  Purportedly, the evidence was insufficient because Calvillo lacked reasonable suspicion to try and stop appellant as the latter left the alley.  We overrule the points.

 The standards by which we review legal and factual sufficiency challenges are well established.  We refer the parties to 
Jackson v. Virginia, 
443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), 
Sims v. State, 
99 S.W.3d 600 (Tex. Crim. App. 2003), 
Zuliani v. State, 
97 S.W.3d 589 (Tex. Crim. App. 2003), and 
King v. State, 
29 S.W.3d 556 (Tex. Crim. App. 2000) for their explanation.  

No one disputes that the attempt at detention must be lawful before one can be convicted of evading detention.  Moreover, authority holds that even if the initial attempt at detention is unlawful, the suspect may be stopped or arrested for criminal acts which he commits while attempting to avoid the officer.  
Blount v. State
, 965 S.W.2d 53, 54-55 (Tex. App.–Houston [1
st
 Dist.] 1998, pet. ref’d).  In other words, the fact that an officer may not have basis to stop a suspect does not insulate the suspect from arrest for other crimes committed while attempting to avoid the initial detention.  So, assuming 
arguendo
 that Officer Calvillo lacked both reasonable suspicion and probable cause to detain appellant in the alley, such arose once appellant violated the traffic laws while attempting to evade Calvillo.  And, since evidence appears of record indicating that appellant continued in his effort to evade the officer after violating those laws, the jury had before it sufficient evidence to rationally conclude, beyond reasonable doubt, that the eventual stop was indeed lawful.  
See id.
 at 55 (holding that a suspect is not seized until the stop is effectuated). 
 
Furthermore, the evidence was neither weak nor overwhelmed by any contradictory evidence.  Consequently, the verdict enjoyed the support of both legally and factually sufficient evidentiary support.

The judgment of the trial court is affirmed.

Brian Quinn 

   Justice 

Publish.