NO. 07-08-0149-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 3, 2009

_____

VERNON R. LOVE, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-417,543; HON. BRYAN POFF, PRESIDING

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Vernon R. Love, was indicted for possession of a controlled substance, cocaine, in an amount of less than one gram, enhanced by two prior felony convictions. A jury found appellant guilty of the indicted offense and the State waived the enhancement paragraphs. Thereafter, the jury sentenced appellant to 18 months in a State Jail Facility. Appellant appeals the judgment of the trial court alleging errors in the denial of his motion

to suppress, in refusing to give a charge pursuant to article 38.23 of the Texas Code of Criminal Procedure,[1] and due to ineffective assistance of counsel.  We affirm.

## Factual and Procedural Background

In the early morning hours of August 4, 2007, appellant and a female companion were detained by a City of Lubbock Police Officer after they had been observed crossing Ave. Q in the vicinity of the intersection of Ave. Q and 19th street.  Appellant was unable to provide any identification.  Upon being questioned about his date of birth, appellant gave a date of birth that was inconsistent with the age he provided the officer.  Appellant was then detained by the officer while the identification data was verified.  As a result of this detention, appellant was handcuffed and placed in the back of a police car.  While placing appellant in the back of the patrol car, the officer removed a scarf from appellant's head.[2] Upon verifying some personal data that appellant gave to the officer, appellant was being released when the officer noticed a wax paper packet stuck to the hair on the back of appellant's head.  Based on his experience, the officer thought that the wax paper packet contained drug contraband, therefore, the officer again secured appellant with handcuffs.  The packet was opened and found to contain a white powdery substance and appellant was then arrested for possession of a controlled substance.

---

[1] Further reference to the Texas Code of Criminal Procedure will be by reference to "article ___" or "art. ___."

[2] The scarf was described in the testimony as a "doo-rag."

2

As a result of the seizure of the wax paper packet, appellant was subsequently indicted for possession of a controlled substance, cocaine, in an amount of less than one gram. Prior to trial, a hearing was held on appellant's motion to suppress the evidence. The trial court denied the motion and the trial proceeded. When the contents of the wax paper packet were offered into evidence, appellant's counsel stated, "No objection." At the conclusion of the trial and before the court's charge was read to the jury, appellant requested an instruction pursuant to article 38.23. The trial court denied the request and the jury convicted appellant of possession of a controlled substance, cocaine, in an amount of less than one gram. The same jury sentenced appellant to 18 months in a State Jail Facility. Through three primary issues, appellant contends that 1) the trial court erred in refusing to suppress the cocaine, 2) the trial court erred in refusing to give the requested instruction, and 3) if appellant's counsel waived any error by not objecting to the introduction of the cocaine, such waiver constituted ineffective assistance of counsel.

Motion to Suppress

The central question regarding the motion to suppress concerns whether appellant's issue has been preserved for appeal. The record reflects that the motion to suppress was heard after voir dire but before the evidence was presented to the jury. After holding a hearing on the motion to suppress, the trial court denied the motion and the trial proceeded. When State's exhibits 1 and 1A[3] were offered into evidence, appellant's trial counsel stated, "No objection, your honor." The exhibits were then admitted into evidence.

---

[3] These were the manila envelope that the arresting officer placed the contraband in before turning the contraband over to the DPS Laboratory, Ex. 1, and the plastic bag containing the wax paper containing the cocaine, Ex. 1A.

Appellant urges that the actions of trial counsel were not a waiver of his objection to the alleged unlawful seizure of the cocaine. This is so, according to appellant, because the "no objection" statement only covered the physical evidence and not the prior testimony relating to it. However, appellant's position is untenable for two reasons. First, appellant has offered no case law supporting his proposition and we have found none. Second, the Texas Court of Criminal Appeals has stated that, "A defendant who affirmatively states, 'No objection,' when evidence is offered, waives his right to complain on appeal that the evidence was, as a matter of law, illegally obtained under Article 38.23." Holmes v. State, 248 S.W.3d 194, 196 (Tex.Crim.App. 2008). See Dean v. State, 749 S.W.2d 80, 83 (Tex.Crim.App. 1988). Because appellant waived his right to complain that the evidence was, as a matter of law, illegally obtained, we overrule appellant's contention that the trial court erred in denying the motion to suppress.

Further, we note that appellant did not offer the DVD of the in-car video or any other evidence during the hearing on the motion to suppress. As a result, the only evidence on the question of the legality of the seizure of the contraband was that of the arresting officer. When we are reviewing the issue of the propriety of the court's ruling on a motion to suppress, we apply the abuse of discretion standard. See Oles v. State, 993 S.W.2d 103, 106 (Tex.Crim.App. 1999). Whether the trial court abused its discretion depends upon whether, given the record and the law, its decision fell outside the zone of reasonable disagreement. See Benitez v. State, 5 S.W.3d 915, 918 (Tex.App.–Amarillo 1999, pet. ref'd). We must uphold the trial court's decision if it is correct on any theory of law applicable to the case, whether or not relied upon by the trial court, when the standard of

review is abuse of discretion. See State v. Ross, 32 S.W.3d 853, 855-56 (Tex.Crim.App. 2000); State v. Clemmer, 999 S.W.2d 903, 905 (Tex.App.–Amarillo 1999, pet. ref'd). In reviewing trial court rulings on matters such as motions to suppress, appellate courts afford almost total deference to trial court determinations of historical facts and to decisions involving mixed questions of law and fact if the resolution of those questions depends on an evaluation of credibility and demeanor. Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997).

Applying these precepts to the record before us reveals that the arresting officer did, in fact, change his testimony to provide at least two different reasons for stopping appellant on the night in question. Two reasons were given, according to the officer, because he realized, upon reflection, that appellant and his companion could not have been guilty of the offense of jay-walking, as described in the initial report.[4] Later, the officer realized that where he observed appellant crossing the street was not a controlled intersection and, therefore, appellant could not have been guilty of jay-walking, as that offense is defined. The officer further testified that appellant did not enter onto the sidewalk when he finished crossing the street. Instead, appellant and his companion walked a short distance in the gutter next to the sidewalk while approaching the officer's vehicle. According to the officer, this action was a violation of a traffic law. See TEX. TRANSP. CODE ANN. § 552.006 (Vernon

---

[4] The fact that appellant was initially stopped for jaywalking rather than failure to walk on the sidewalk is not relevant to the inquiry because we review the facts known to the officer from an objective standpoint to determine whether the facts constituted a lawful basis for the stop in question and not based upon the officer's subjective understanding of the law at the point in time of the stop. See Blount v. State, 965 S.W.2d 53, 55 (Tex.App.–Houston [1st Dist.] 1998, pet ref'd).

5

Supp. 2008). The trial court had ample opportunity to observe the witness and to judge his credibility. After making these observations, the trial court overruled appellant's motion to suppress. There were no findings of fact and conclusions of law entered into the record and, therefore, we must assume that the trial court made implicit findings that support its decision. See Ross, 32 S.W.3d at 855-56. From this testimony, the trial court could have found that appellant walked in the street rather than the sidewalk and that it was not impractical for appellant to walk on the sidewalk. Therefore, we must assume that the trial court made these implied findings of fact. Thus, because the officer personally observed a violation of the traffic laws, we conclude that the trial court's determination that the officer had reasonable suspicion to detain appellant was correct. Accordingly, the trial court did not abuse its discretion in overruling appellant's motion to suppress. Oles, 993 S.W.2d at 106.

## Charge Error

Appellant next contends that the trial court committed error when, at the conclusion of the evidence, he requested the trial court to include a paragraph in the Court's Charge pursuant to article 38.23. Appellant presented a proposed paragraph to the court, which after hearing argument by both appellant and the State, the trial court overruled.[5]

---

[5] Appellant's proposed instruction was:

You are instructed that under our law no evidence obtained or derived by officer, member of the judiciary, or other person in violation of any provision of the Constitution or laws of the United States of America or the State of Texas shall be admitted in evidence against the accused on the trial of any criminal case.

When reviewing alleged charge error, a reviewing court conducts what is essentially a two-part inquiry.  First, we determine whether error exits.  Druery v. State, 225 S.W.3d 491, 504 (Tex.Crim.App. 2007) (citing Almanza v. State, 686 S.W.2d 157, 171 (Tex.Crim.App. 1985)).  If error exists, then we review to determine whether the error caused sufficient harm to require reversal.  Id.  The degree of harm required to cause reversal depends upon whether the error was preserved.  Id.  Error properly preserved will require reversal as long as the error is not harmless.  Id.  See Almanza, 686 S.W.2d at 171.  This requirement has been held to mean that any harm, regardless of degree, is sufficient to require reversal.  See Airline v. State, 721 S.W.2d 348, 351 (Tex.Crim.App. 1986).

In order to be entitled to a jury instruction on article 38.23(a), an appellant must meet three requirements:

(1) The evidence heard by the jury must raise an issue of fact;

(2) The evidence on that fact must be affirmatively contested; and

(3) That contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence.

Madden v. State, 242 S.W.3d 504, 510-12 (Tex.Crim.App. 2007).  Appellant opines that the DVD of the in-car video, which was played before the jury, sufficed to meet the

---

Now bearing in mind unless you believe the State's evidence beyond a or all reasonable doubt that no violation of Defendant's Constitutional rights occurred in any alleged defense used to enforce the enhancement or jurisdictional provision in this matter you will disregard the evidence and you will not consider such evidence for any purpose whatsoever.

requirements set forth in Madden. Appellant's brief contains an analysis of how the DVD was contrary to some of the testimony of the State's only witness. Appellant opines that the DVD shows some water in the gutter or possibly a driveway at the point where appellant first crossed the street. According to this theory, such evidence supports the submission of the article 38.23(a) instruction.

The problem with the position of appellant is that these exact observations and assertions are not supported by the record. At best, the officer stated during cross-examination that, if trial counsel said there was water in the gutter of the street where appellant was walking, he would agree. However, this agreement does nothing to prove that appellant could not get up onto the sidewalk at the time he completed crossing the street. Nor does the record contain testimony describing any driveway that appellant had to walk on before stepping up onto the sidewalk. Although the officer asserts that he could have stopped appellant for violation of the Texas Transportation Code section 552.007, the appropriate statutory reference was section 552.006. See TEX. TRANSP. CODE ANN. § 552.006 (Vernon Supp. 2008). The missing link in appellant's theory is that no one testified that the water in the gutter, assuming there was water in the gutter, prevented appellant from stepping up onto the sidewalk, as he came to the edge of the street or that the driveway prevented appellant from going immediately onto the sidewalk. This lack of affirmative evidence to raise the fact issue that appellant contends requires the article 38.23(a) instruction is fatal to his claim. Without some affirmative evidence to the effect that the sidewalk adjacent to the roadway was not accessible or that he was otherwise

unable to step immediately onto the sidewalk there is no issue of fact for the jury to resolve. Madden, 242 S.W.3d at 513. Accordingly, appellant's issue is overruled.

Ineffective Assistance of Counsel

Appellant next contends that he received ineffective assistance of counsel. Specifically, appellant states that, when trial counsel stated "No objection" to the introduction of State's exhibits 1 and 1A, counsel was guilty of being ineffective.

In determining whether counsel's representation was so inadequate as to violate a defendant's Sixth Amendment right to counsel, Texas courts adhere to the two-pronged test enunciated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986).[6] Judicial review of an ineffective assistance of counsel claim must be highly deferential to trial counsel and avoid using hindsight to evaluate counsel's actions. Ingham v. State, 679 S.W.2d 503, 509 (Tex.Crim.App. 1984). There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 690. The burden is on appellant to prove by a preponderance of the evidence that counsel was ineffective. See McFarland v. State, 928 S.W.2d 482, 500 (Tex.Crim.App. 1996) (en banc). The defendant must first prove that counsel's performance was deficient, *i.e.*, that counsel's assistance fell below an objective standard of reasonableness. McFarland, 928 S.W.2d at 500. If appellant has demonstrated deficient assistance of counsel, it is then

_____

[6] The same standard of review applies to contentions arising under Article 1, Section 10 of the Texas Constitution.

9

necessary that appellant affirmatively prove prejudice as a result of the deficient assistance. Id. In proving prejudice, appellant must prove a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Hernandez, 726 S.W.2d at 55.

Any allegation of ineffective assistance of counsel must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness. McFarland, 928 S.W.2d at 500. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. Id. Absent both showings, an appellate court cannot conclude the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. Ex parte Menchaca, 854 S.W.2d 128, 131 (Tex.Crim.App. 1993). Appellate courts look to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel. Ex parte Felton, 815 S.W.2d 733, 735 (Tex.Crim.App. 1991). It is possible that a single egregious error of omission or commission by appellant's counsel constitutes ineffective assistance. E.g., Jackson v. State, 766 S.W.2d 504, 508 (Tex.Crim.App. 1985) (modified on other grounds on remand from United States Supreme Court in 766 S.W.2d 518 (Tex.Crim.App. 1988)).

Applying these precepts to the case before the Court, we immediately recognize that we have held that the motion to suppress was, in addition to being waived, properly denied by the trial court. The effect of this holding is that, even if counsel's conduct in waiving the objection to the introduction of State's Ex. 1 and 1A was deficient, even had he properly

preserved the objection, the evidence was properly admitted by the trial court.  Therefore,

failing to preserve the objection could not be deficient assistance.  McFarland, 928 S.W.2d

at 500.  Accordingly, appellant's final issue is overruled.

## Conclusion

Having overruled appellant's issues, the judgment of the trial court is affirmed.

Mackey K. Hancock
Justice

Do not publish.