

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00188-CR

ALEX MICHAEL SCHURING                                      APPELLANT

V.

THE STATE OF TEXAS                                            STATE

------------

## FROM COUNTY CRIMINAL COURT NO. 8 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

----------

Upon his plea of guilty, the trial court convicted Appellant Alex Michael Schuring of misdemeanor DWI repetition and sentenced him to one year's confinement and a $750 fine, probated for two years. In his sole issue, which he preserved below, Appellant contends that the trial court abused its discretion by denying his motion to suppress and finding that the police had probable cause to arrest him for DWI. Because we hold that the police had probable cause to

---

[1]*See* Tex. R. App. P. 47.4.

arrest Appellant for reckless driving, we overrule his sole issue and affirm the trial court's judgment.

After we abated and remanded this case for the preparation of findings of fact and conclusions of law, the trial court adopted the State's proposed findings of fact:

2.    Officer Jason Moss is in the traffic division of the Fort Worth Police Department.  Specifically, he works in the DWI enforcement unit.  RR 6.

3.    On October 9, 2009, Officer Moss was working a shift from 7:00 p.m. to 5:00 a.m.  RR 7.

4.    Officer Moss responded to a rollover accident sometime after midnight.  The accident was at the eastbound exit ramp at I-30 and University Drive in Fort Worth.  RR 7, 9.

5.    Officer Moss spoke to Officer Fincher—he was already at the scene.  Officer Fincher told Officer Moss that a witness saw what happened.  RR 8.

6.    Officer Moss talked to the witness.  The witness told him that the pickup truck was going fast, hit a curb, ran into a telephone pole, and rolled over.  RR 9.

7.    There was a passenger in the pickup.  She was receiving medical attention from Medstar personnel when Officer Moss arrived.  *Id.*

8.    The driver of the pickup was [Appellant].  He had told the Medstar technicians that he was driving too fast and lost control of the pickup.  RR 10, 14.

9.    Officer Moss has received training in field sobriety testing [and] Intoxilyzer operation, and is certified to teach field sobriety testing.  RR 10-11.

10.    [Appellant] was in the back of an ambulance, being treated. RR 11.

11.    Officer Moss administered a horizontal gaze nystagmus test to [Appellant].  [Appellant] displayed six out of six clues on the

2

test. Officer Moss did not perform any additional field sobriety tests because [Appellant] was strapped to a backboard and could not do any physical tests. RR 12-13.

12.    Officer Moss formed the opinion that [Appellant] was intoxicated. He based this opinion on what the witness told him of [Appellant]'s driving behavior, the fact that [Appellant] admitted driving the pickup, and the fact that [Appellant] failed the HGN test. RR 13.

13.    Officer Moss decided to arrest [Appellant]. RR 12.

. . . .

16.    Officer Moss was credible and reliable.

The trial court also adopted the State's proposed conclusions of law:

2.    A warrantless arrest is reasonable if the arresting officer has probable cause to believe that the suspect committed an offense. *United States v. Watson*, 423 U.S. 411, 418 (1976).

. . . .

4.    [Appellant] does not complain that his arrest was improper under Chapter 14 of the Code of Criminal Procedure. . . .

5.    Based on the facts of the accident, the speed at which [Appellant] was driving, [Appellant]'s admissions to ambulance personnel, and [Appellant]'s performance on the HGN test, Officer Moss could have arrested [Appellant] for the offense of public intoxication. . . .

6.    Based on what a witness told Officer Moss about [Appellant]'s driving behavior, his accident, [Appellant]'s admissions to ambulance personnel, and his performance on the HGN test, there was sufficient probable cause for Officer Moss to arrest [Appellant] for [DWI]. . . .

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review.[2] In reviewing the trial court's decision, we do not

---

[2] *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

engage in our own factual review.[3] The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.[4] Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor.[5] But when application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, we review the trial court's rulings on those questions de novo.[6]

Stated another way, when reviewing the trial court's ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court's ruling.[7] When the trial court makes explicit fact findings, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those fact findings.[8] We then review the trial court's legal ruling

---

[3]*Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); *Best v. State*, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).

[4]*Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000), *modified on other grounds by State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006).

[5]*Amador*, 221 S.W.3d at 673; *Montanez v. State*, 195 S.W.3d 101, 108–09 (Tex. Crim. App. 2006); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).

[6]*Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson*, 68 S.W.3d at 652–53.

[7]*Wiede*, 214 S.W.3d at 24; *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).

[8]*Kelly*, 204 S.W.3d at 818–19.

de novo unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling.[9]

We must uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling.[10]

Under the Fourth Amendment, a warrantless arrest is unreasonable per se unless it fits into one of a "few specifically established and well delineated exceptions."[11] A police officer may arrest an individual without a warrant only if probable cause exists with respect to the individual in question and the arrest falls within one of the exceptions set out in chapter 14 of the code of criminal procedure.[12]

However, Appellant challenges only probable cause; he does not contend that the arrest failed to satisfy chapter 14. We therefore likewise do not reach chapter 14 in our analysis.[13]

Probable cause for a warrantless arrest requires that the officer have a reasonable belief that, based on facts and circumstances within the officer's

---

[9]*Id.* at 818.

[10]*State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007); *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), *cert. denied*, 541 U.S. 974 (2004).

[11]*Minnesota v. Dickerson*, 508 U.S. 366, 372, 113 S. Ct. 2130, 2135 (1993); *Torres v. State*, 182 S.W.3d 899, 901 (Tex. Crim. App. 2005).

[12]*Torres*, 182 S.W.3d at 901; *see* Tex. Code Crim. Proc. Ann. arts. 14.01–.04 (Vernon 2005 & Supp. 2010).

[13]*See Buchanan v. State*, 207 S.W.3d 772, 777 (Tex. Crim. App. 2006) (holding that court of appeals erred in addressing chapter 14 issues not obviously raised in motion to suppress).

personal knowledge, or of which the officer has reasonably trustworthy information, an offense has been committed.[14] Probable cause must be based on specific, articulable facts rather than the officer's mere opinion.[15] We use the "totality of the circumstances" test to determine whether probable cause existed for a warrantless arrest.[16]

But the offense for which there is probable cause to arrest does not have to be the same offense for which the person is arrested.[17] That is, the officer's testimony that he arrested Appellant for DWI "is inconsequential because we review whether the facts and circumstances known to the officer[] *objectively* constituted a lawful basis for [the] arrest, regardless of the officer[']s *subjective* understanding of the motivation or purpose of [his] actions."[18]

The trial court's findings of fact are supported by the evidence. Officer Moss testified that about 1:00 a.m. on October 9, 2009, he learned that there had been a rollover accident and responded to the scene of the accident. Officer

---

[14] *Torres*, 182 S.W.3d at 901–02.

[15] *Id.* at 902; *Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005).

[16] *Torres*, 182 S.W.3d at 902.

[17] *See Crittenden v. State*, 899 S.W.2d 668, 673 (Tex. Crim. App. 1995) ("[A] stop will not be invalidated based on the subjective motivation of a police officer so long as there is an objectively valid basis for the stop."); *Campbell v. State*, 325 S.W.3d 223, 240 (Tex. App.—Fort Worth 2010, no pet.) (Dauphinot, J., concurring) (noting in DWI case that officer had probable cause to arrest Campbell for reckless driving).

[18] *Blount v. State*, 965 S.W.2d 53, 55 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd) (in evading arrest and unlawful carrying of a weapon case, upholding trial court's denial of motion to suppress because Blount could have lawfully been arrested for reckless driving); *see also Gonzalez v. State*, No. 05-98-00104-CR, 1999 WL 228782, at *2 (Tex. App.—Dallas Apr. 21, 1999, pet. ref'd) (not designated for publication), *cert. denied*, 529 U.S. 1008 (2000).

6

Moss testified that an eyewitness reported that he had seen "the pickup truck traveling eastbound on the exit ramp to University from eastbound 30." The eyewitness told Officer Moss that the pickup had been traveling at a high rate of speed, hit the curb, hit a telephone pole, and then rolled over. Officer Moss then learned that the driver of the pickup, Appellant, had told one of the Medstar responders that he had been driving too fast and had lost control of the vehicle.

Officer Moss administered the HGN test to Appellant while Appellant was strapped to a backboard in the back of an ambulance. Appellant's female passenger was also being treated in the back of the same ambulance. Officer Moss testified that he found six out of six possible clues on the HGN test. Officer Moss did not administer field sobriety tests because Appellant was strapped to a backboard and unable to stand.

Section 545.401 of the transportation code, governing reckless driving, provides,

> (a) A person commits an offense if the person drives a vehicle in wilful or wanton disregard for the safety of persons or property.
>
> (b) An offense under this section is a misdemeanor punishable by:
>
> > (1) a fine not to exceed $200;
> >
> > (2) confinement in county jail for not more than 30 days; or
> >
> > (3) both the fine and the confinement.[19]

The facts known to Officer Moss at the time of Appellant's arrest gave the officer probable cause to arrest Appellant for reckless driving.[20] Consequently,

---

[19]Tex. Transp. Code Ann. § 545.401 (Vernon 1999).

[20]*See id.*

we do not address the validity of the trial court's conclusions that Officer Moss could have arrested Appellant for public intoxication or had probable cause to arrest him for DWI.[21]  Because Officer Moss had probable cause to arrest Appellant for reckless driving, we hold that the trial court did not err by denying Appellant's motion to suppress.[22]

We therefore overrule Appellant's sole issue and affirm the trial court's judgment.


LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 7, 2011

---

[21]*See Crittenden*, 899 S.W.2d at 673; *Campbell*, 325 S.W.3d at 240 (Dauphinot, J., concurring).

[22]*See Stevens*, 235 S.W.3d at 740; *Armendariz*, 123 S.W.3d at 404.