

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00055-CR

---

CARLOS RENE VIDANA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 372nd District Court
Tarrant County, Texas[1]
Trial Court No. 1696178D, Honorable David Scott Wisch, Presiding

---

August 1, 2023

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Carlos Rene Vidana, Appellant, challenges a jury verdict finding him guilty of evading arrest with a vehicle.[2]  By one issue, Appellant asserts that the evidence was insufficient to support his conviction.  We affirm.

---

[1] This appeal was transferred to this Court from the Second Court of Appeals by a docket equalization order of the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001.

[2] TEX. PENAL CODE ANN. § 38.04.

## BACKGROUND

Former Sansom Park Police Department officer Efrain Balderrama testified that while on patrol in a marked vehicle on July 24, 2021, he observed a black Cadillac run a stop sign. Officer Balderrama pulled behind the vehicle. The driver of the Cadillac, later determined to be Appellant, then ran a second stop sign. Officer Balderrama activated his emergency lights and siren but the Cadillac did not stop; instead, it sped up. As the officer continued his pursuit, he observed the driver run through multiple stop signs and red lights, narrowly avoiding collisions with other vehicles. After covering roughly twenty miles in twenty-five minutes, during which time other law enforcement agencies provided assistance and a helicopter joined the pursuit, the Cadillac came to a stop when it ran out of gas.

The jury found Appellant guilty of evading arrest or detention with a vehicle and found that he used the vehicle as a deadly weapon. The trial court found the habitual offender notice to be true and sentenced Appellant to forty years' confinement.

## STANDARD OF REVIEW

We review a challenge to the sufficiency of the evidence by examining all of the evidence in the light most favorable to the verdict and determining whether, based on that evidence and reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). The trier of fact is the sole judge of the weight and credibility of the evidence, and a reviewing court may not reevaluate the weight and credibility of

the evidence so as to substitute its own judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999) (en banc). We presume that the jury resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013).

## ANALYSIS

A person commits the offense of evading arrest or detention if he intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him and uses a vehicle in flight. *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(2)(A). In his sole issue on appeal, Appellant asserts that the evidence presented at trial was insufficient to support his conviction. Noting that the dash cam video of the chase does not begin until after Appellant has proceeded through the first stop sign, Appellant contends that the officer's statement that he observed Appellant run the stop sign and the police report indicating that Appellant "failed to make a complete stop" is insufficient to establish the lawfulness element of the attempted arrest or detention.

Here, the evidence shows that Officer Balderrama observed Appellant run through one stop sign. Then, shortly after he began following Appellant, Officer Balderrama observed Appellant commit additional traffic violations. The officer testified that Appellant was traveling at a rate above the posted speed limit and that Appellant drove through multiple stop signs and red lights. The jury also viewed the dash cam video of the chase, which showed Appellant violate several traffic laws.

The evidence of Appellant's acts that were observed by Officer Balderrama supported the jury's conclusion that he had a lawful reason to stop Appellant's vehicle.

3

*See Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001) (State has burden to show that officer had an objective basis for stop; subjective intent is irrelevant to determination of reasonable suspicion); *see also Throneberry v. State*, 109 S.W.3d 52, 58 (Tex. App.—Fort Worth 2003, no pet.).  Moreover, "even if the initial attempt at detention is unlawful, the suspect may be stopped or arrested for criminal acts which he commits while attempting to avoid the officer."  *Pickens v. State*, 159 S.W.3d 272, 274 (Tex. App.—Amarillo 2005, no pet.) (citing *Blount v. State*, 965 S.W.2d 53, 54–55 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd)).  Thus, even if the officer had no lawful reason to detain Appellant prior to the car chase, a lawful reason arose once Appellant violated traffic laws while being pursued by law enforcement.  *See id.*

We conclude that the evidence is sufficient to support the jury's finding that Appellant intentionally fled from police officers who were attempting to lawfully arrest or detain him.  *See* TEX. PENAL CODE ANN. § 38.04(a).

## CONCLUSION

We overrule Appellant's sole issue and affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.

4