02-10-188-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00188-CR

 

 


 
 
 Alex Michael Schuring
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

------------

 

FROM County
Criminal Court No. 8 OF Tarrant COUNTY

------------

MEMORANDUM
OPINION[1]

----------

Upon
his plea of guilty, the trial court convicted Appellant Alex Michael Schuring
of misdemeanor DWI repetition and sentenced him to one year’s confinement and a
$750 fine, probated for two years.  In his sole issue, which he preserved below,
Appellant contends that the trial court abused its discretion by denying his
motion to suppress and finding that the police had probable cause to arrest him
for DWI.  Because we hold that the police had probable cause to arrest
Appellant for reckless driving, we overrule his sole issue and affirm the trial
court’s judgment.

After
we abated and remanded this case for the preparation of findings of fact and
conclusions of law, the trial court adopted the State’s proposed findings of
fact:

2.       Officer
Jason Moss is in the traffic division of the Fort Worth Police Department. 
Specifically, he works in the DWI enforcement unit.  RR 6.

3.       On
October 9, 2009, Officer Moss was working a shift from 7:00 p.m. to 5:00 a.m. 
RR 7.

4.       Officer
Moss responded to a rollover accident sometime after midnight.  The accident
was at the eastbound exit ramp at I-30 and University Drive in Fort Worth.  RR 7,
9.

5.       Officer
Moss spoke to Officer Fincher—he was already at the scene.  Officer Fincher
told Officer Moss that a witness saw what happened.  RR 8.

6.       Officer
Moss talked to the witness.  The witness told him that the pickup truck was
going fast, hit a curb, ran into a telephone pole, and rolled over.  RR 9.

7.       There
was a passenger in the pickup.  She was receiving medical attention from
Medstar personnel when Officer Moss arrived.  Id.

8.       The
driver of the pickup was [Appellant].  He had told the Medstar technicians that
he was driving too fast and lost control of the pickup.  RR 10, 14.

9.       Officer
Moss has received training in field sobriety testing [and] Intoxilyzer
operation, and is certified to teach field sobriety testing.  RR 10-11.

10.     [Appellant]
was in the back of an ambulance, being treated.  RR 11.

11.     Officer
Moss administered a horizontal gaze nystagmus test to [Appellant].  [Appellant]
displayed six out of six clues on the test.  Officer Moss did not perform any
additional field sobriety tests because [Appellant] was strapped to a backboard
and could not do any physical tests.  RR 12-13.

12.     Officer
Moss formed the opinion that [Appellant] was intoxicated.  He based this
opinion on what the witness told him of [Appellant]’s driving behavior, the
fact that [Appellant] admitted driving the pickup, and the fact that
[Appellant] failed the HGN test.  RR 13.

13.     Officer Moss
decided to arrest [Appellant].  RR 12.

.
. . . 

16.     Officer Moss
was credible and reliable.

The
trial court also adopted the State’s proposed conclusions of law:

2.       A
warrantless arrest is reasonable if the arresting officer has probable cause to
believe that the suspect committed an offense.  United States v. Watson,
423 U.S. 411, 418 (1976).

.
. . . 

4.       [Appellant]
does not complain that his arrest was improper under Chapter 14 of the Code of
Criminal Procedure.  . . .

5.       Based
on the facts of the accident, the speed at which [Appellant] was driving, [Appellant]’s
admissions to ambulance personnel, and [Appellant]’s performance on the HGN
test, Officer Moss could have arrested [Appellant] for the offense of public
intoxication.  . . .

6.       Based
on what a witness told Officer Moss about [Appellant]’s driving behavior, his
accident, [Appellant]’s admissions to ambulance personnel, and his performance
on the HGN test, there was sufficient probable cause for Officer Moss to arrest
[Appellant] for [DWI].  . . .  

We review
a trial court’s ruling on a motion to suppress evidence under a bifurcated
standard of review.[2] 
In reviewing the trial court’s decision, we do not engage in our own factual
review.[3] 
The trial judge is the sole trier of fact and judge of the credibility of the
witnesses and the weight to be given their testimony.[4]  Therefore, we give almost
total deference to the trial court’s rulings on (1) questions of
historical fact, even if the trial court’s determination of those facts was not
based on an evaluation of credibility and demeanor, and
(2) application-of-law-to-fact questions that turn on an evaluation of
credibility and demeanor.[5] 
But when application-of-law-to-fact questions do not turn on the credibility
and demeanor of the witnesses, we review the trial court’s rulings on those
questions de novo.[6]

Stated
another way, when reviewing the trial court’s ruling on a motion to suppress,
we must view the evidence in the light most favorable to the trial court’s
ruling.[7] 
When the trial court makes explicit fact findings, we determine whether the
evidence, when viewed in the light most favorable to the trial court’s ruling,
supports those fact findings.[8] 
We then review the trial court’s legal ruling de novo unless its explicit
fact findings that are supported by the record are also dispositive of the
legal ruling.[9]

We
must uphold the trial court’s ruling if it is supported by the record and
correct under any theory of law applicable to the case even if the trial court
gave the wrong reason for its ruling.[10]

Under
the Fourth Amendment, a warrantless arrest is unreasonable per se unless
it fits into one of a “few specifically established and well delineated
exceptions.”[11] 
A police officer may arrest an individual without a warrant only if probable
cause exists with respect to the individual in question and the arrest falls
within one of the exceptions set out in chapter 14 of the code of criminal
procedure.[12]

However,
Appellant challenges only probable cause; he does not contend that the arrest
failed to satisfy chapter 14.  We therefore likewise do not reach chapter 14 in
our analysis.[13]

Probable
cause for a warrantless arrest requires that the officer have a reasonable
belief that, based on facts and circumstances within the officer’s personal
knowledge, or of which the officer has reasonably trustworthy information, an
offense has been committed.[14] 
Probable cause must be based on specific, articulable facts rather than the
officer’s mere opinion.[15] 
We use the “totality of the circumstances” test to determine whether probable
cause existed for a warrantless arrest.[16]

But
the offense for which there is probable cause to arrest does not have to be the
same offense for which the person is arrested.[17]  That is, the officer’s
testimony that he arrested Appellant for DWI “is inconsequential because we
review whether the facts and circumstances known to the officer[] objectively
constituted a lawful basis for [the] arrest, regardless of the officer[’s] subjective
understanding of the motivation or purpose of [his] actions.”[18]

The
trial court’s findings of fact are supported by the evidence.  Officer Moss
testified that about 1:00 a.m. on October 9, 2009, he learned that there had
been a rollover accident and responded to the scene of the accident.  Officer Moss
testified that an eyewitness reported that he had seen “the pickup truck
traveling eastbound on the exit ramp to University from eastbound 30.”  The
eyewitness told Officer Moss that the pickup had been traveling at a high rate
of speed, hit the curb, hit a telephone pole, and then rolled over.  Officer Moss
then learned that the driver of the pickup, Appellant, had told one of the
Medstar responders that he had been driving too fast and had lost control of
the vehicle.

Officer
Moss administered the HGN test to Appellant while Appellant was strapped to a
backboard in the back of an ambulance.  Appellant’s female passenger was also
being treated in the back of the same ambulance.  Officer Moss testified that
he found six out of six possible clues on the HGN test.  Officer Moss did not
administer field sobriety tests because Appellant was strapped to a backboard
and unable to stand.

Section
545.401 of the transportation code, governing reckless driving, provides,

(a) A person commits
an offense if the person drives a vehicle in wilful or wanton disregard for the
safety of persons or property.

(b) An offense under
this section is a misdemeanor punishable by:

(1) a fine not to
exceed $200;

(2) confinement in
county jail for not more than 30 days; or

(3) both the fine and
the confinement.[19]

The facts
known to Officer Moss at the time of Appellant’s arrest gave the officer
probable cause to arrest Appellant for reckless driving.[20] 
Consequently, we do not address the validity of the trial court’s conclusions
that Officer Moss could have arrested Appellant for public intoxication or had
probable cause to arrest him for DWI.[21]  Because Officer Moss
had probable cause to arrest Appellant for reckless driving, we hold that the
trial court did not err by denying Appellant’s motion to suppress.[22]

We
therefore overrule Appellant’s sole issue and affirm the trial court’s
judgment.

 

 

LEE ANN DAUPHINOT
JUSTICE

 

PANEL: 
DAUPHINOT,
GARDNER, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  April 7, 2011









[1]See Tex. R. App. P. 47.4.





[2]Amador v. State,
221 S.W.3d 666, 673 (Tex. Crim. App. 2007); Guzman v. State, 955 S.W.2d
85, 89 (Tex. Crim. App. 1997).





[3]Romero v. State,
800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Best v. State, 118 S.W.3d
857, 861 (Tex. App.—Fort Worth 2003, no pet.).





[4]Wiede v. State, 214
S.W.3d 17, 24–25 (Tex. Crim. App. 2007); State v. Ross, 32 S.W.3d 853,
855 (Tex. Crim. App. 2000), modified on other grounds by State v. Cullen,
195 S.W.3d 696 (Tex. Crim. App. 2006).





[5]Amador, 221 S.W.3d
at 673; Montanez v. State, 195 S.W.3d 101, 108–09 (Tex. Crim. App.
2006); Johnson v. State, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).





[6]Amador, 221 S.W.3d
at 673; Estrada v. State, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); Johnson,
68 S.W.3d at 652–53.





[7]Wiede, 214 S.W.3d
at 24; State v. Kelly, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).





[8]Kelly, 204 S.W.3d
at 818–19.





[9]Id. at 818.





[10]State v. Stevens,
235 S.W.3d 736, 740 (Tex. Crim. App. 2007); Armendariz v. State, 123
S.W.3d 401, 404 (Tex. Crim. App. 2003), cert. denied, 541 U.S. 974
(2004).





[11]Minnesota v. Dickerson,
508 U.S. 366, 372, 113 S. Ct. 2130, 2135 (1993); Torres v. State,
182 S.W.3d 899, 901 (Tex. Crim. App. 2005).





[12]Torres, 182 S.W.3d
at 901; see Tex. Code Crim. Proc. Ann. arts. 14.01–.04 (Vernon 2005
& Supp. 2010).





[13]See Buchanan v. State,
207 S.W.3d 772, 777 (Tex. Crim. App. 2006) (holding that court of appeals erred
in addressing chapter 14 issues not obviously raised in motion to suppress).





[14]Torres, 182 S.W.3d
at 901–02.





[15]Id. at 902; Ford
v. State, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005).





[16]Torres, 182 S.W.3d
at 902.





[17]See Crittenden v.
State, 899 S.W.2d 668, 673 (Tex. Crim. App. 1995) (“[A] stop will not be
invalidated based on the subjective motivation of a police officer so long as
there is an objectively valid basis for the stop.”); Campbell v. State,
325 S.W.3d 223, 240 (Tex. App.—Fort Worth 2010, no pet.) (Dauphinot, J.,
concurring) (noting in DWI case that officer had probable cause to arrest Campbell
for reckless driving).





[18]Blount v. State,
965 S.W.2d 53, 55 (Tex. App.—Houston [1st Dist.] 1998, pet. ref’d) (in evading
arrest and unlawful carrying of a weapon case, upholding trial court’s denial
of motion to suppress because Blount could have lawfully been arrested for
reckless driving); see also Gonzalez v. State, No. 05-98-00104-CR, 1999
WL 228782, at *2 (Tex. App.—Dallas Apr. 21, 1999, pet. ref’d) (not designated
for publication), cert. denied, 529 U.S. 1008 (2000).





[19]Tex. Transp. Code Ann. §
545.401 (Vernon 1999).





[20]See id.





[21]See Crittenden,
899 S.W.2d at 673; Campbell, 325 S.W.3d at 240 (Dauphinot, J.,
concurring).





[22]See Stevens, 235
S.W.3d at 740; Armendariz, 123 S.W.3d at 404.